WARREN v. TAYLOR ET AL.

1. **Will:** CONVEYANCE BY TESTATOR AFTER DEVISE: EFFECT OF. Where a testator undertakes to dispose of both personal and real estate, and he subsequently conveys the real estate, it will not, in general, work a revocation of the will as to the personal property of which he died siezed.

*Appeal from Davis Circuit Court.*

THURSDAY, JUNE 9.

THIS is an action in equity, the object of which is to require the defendants to pay to the plaintiff a legacy of $500, with interest, which it is alleged is due to the plaintiff from the defendants under the provisions of the last will and testament of John Taylor, deceased. There was a decree in accord with the prayer of the petition. Defendants appeal.

*M. H. Jones & Son* and *Trimble, Carruthers & Trimble*, for appellants.

*Payne & Eichelberger*, for appellee.

ROTHROCK, J. I.—In the year 1852 John Taylor, who was then a resident of Lee county in this State, made his last will and testament, which was as follows:

"*First.* I give and bequeath unto my wife, Elizabeth Taylor, all my lands and town lots situated in said county (Lee) and State, with all the privileges and appurtenances thereon or in any wise appertaining, and also give and bequeath unto my said wife all my personal property, of every description and kind whatsoever. To have, to hold and to use the said property, both real and personal, during her life time, and at her decease said real property, and so much of my personal property as remains, I give and bequeath unto my daughter Frances Patterson, and to my son John H. Taylor, share and share alike, by their paying to my grand-daughter, Maria

Taylor, five hundred dollars when she arrives at the age of eighteen years, and to my grandson, Lewis Taylor, the sum of five hundred dollars when he arrives at the age of twenty-one years, and also to my grand-daughter, Sylvia Payne, the sum of five hundred dollars when she arrives at the age of eighteen years, and if either the said Lewis Taylor or the said Maria Taylor die before arriving at full age, then the surviving one is to receive the share of both, and in case my grand-daughter Sylvia Payne dies before ariving at full age, her share is to descend to her next oldest brother or sister, if she should have any, and if she should die having no brother or sister to heir her said share, then and in that case I will and bequeath said share to my daughter, Frances Patterson, and to my son John H. Taylor, share and share alike."

Plaintiff is the grand-daughter, Sylvia Payne, mentioned in the will, she having since married Clark B. Warren. She was born in 1851, and is now past eighteen years of age. At the time of making the will said John Taylor was the owner of certain lands and town lots in Lee county, which he afterwards sold for $8,550, in cash. At the time of the sale he had about $700 in value of personal property, moneys and credits. After the said sale Taylor removed to Davis county, and there invested a part of his money in land and town lots. The balance he received from the sale of his real estate in Lee county was loaned out, and his property was in this situation at the time of his death, which occurred in the month of August, 1868. At his death his widow succeeded to the possession of all his estate, consisting of real estate and personal property, the latter being mostly in notes and demands against third persons.

Elizabeth Taylor died intestate in December, 1878, leaving personal property to the amount of $9.000 or thereabouts. This property was that left by her husband and the accumulations thereof after his death. Actions were commenced against the said Frances Patterson and John H. Taylor, the residuary devisees under the will, by Maria Taylor, one of the

legatees.   In this action Elizabeth Payne, a daughter of the testator, was made a party defendant, and it was claimed by the plaintiff in the action and by said Elizabeth Payne that they were entitled to share in the property of the testator as heirs. The said John H. Taylor and Frances Patterson in their answers in that action claimed that whatever right the plaintiff therein had was under the said will. The action and claim of Elizabeth Payne upon the cross petition were compromised by the parties without a trial.   The plaintiff herein was not a party to that action, and as we understand the record John H. Taylor and Frances Patterson claim all of the estate, to the exclusion of the plaintiff and all other persons.

It is contended by the defendants that the sale of the land and town lots in Lee county by the testator worked a revocation of the will.

It is true that the defendants, after the sale of the real estate, could not take it under the will.   But the legacy of the plaintiff did not depend upon the defendants taking the real estate as devisees.   The will by its terms provided that the widow should have a life estate in the real and personal property, and that the defendants should take the whole of the estate by their paying the specific legacies to the plaintiff and the others named. The defendants claim, however, that although the personal estate at the death of the widow was of the value of about $9.000, they held the same as heirs and not as residuary legatees.   This position seems to us to be unsound.   Although the will by the act of the testator ceased to be operative, or rather never became operative, as to the real estate in Lee county, this did not work a revocation as to his personal estate. Where a testator undertakes to dispose of both personal and real estate and he subsequently conveys the real estate it will not, in general, work a revocation of his will as to the personal property of which he dies seized.   The conveyance of a part of the estate devised works a revocation *pro tanto* only.   1 Redfield on Wills (fourth ed.) page 339; *Zimerman v.*

1. WILL: conveyance of real estate devised: effect of.

Zimerman, 23 Pa. St., 375. It will be observed that the will does not limit the disposition of the personal estate to that which was owned by the testator at the date of the will. It clearly contemplates a disposition of all the personal property of the estate at the death of the widow, from whatever source obtained. Now when the defendants assert their right to this property it must be as residuary legatees after the payment of the specific legacies to the plaintiff and others named in the will.

We think the Circuit Court correctly held that the defendants took the estate charged with the payment of the legacy to the plaintiff.

II. This disposition of the case renders it unnecessary to dispose of the motion filed by the appellee.

AFFIRMED.