WOODBURY HIX DECROW, by WILLIAM H. MOODY, Guardian,

*vs.*

JAMES MOODY, executor of the last will of WILLIAM MOODY.

Waldo.     Opinion December 27, 1881.

*Will, construction of.*

M. eighty-three years of age, in 1876, made his will, giving, among other bequests to his grandson D. the plaintiff, then fourteen years old, (who had lived with him from the time he was two years old, his mother being dead and his father worthless,) five dollars to be paid as soon as practicable after the testator's decease, and "a further sum of one hundred dollars, and a suit of clothes if he remains with me until he is twenty-one years of age, to be given him by my said son, J. M." who had all the property, real and personal, subject to certain bequests. The personal estate appeared to be ample to meet all the calls of the will. The executor, qualified as such in January, 1877, but never settled an account. He paid to an attorney employed by plaintiff's father (who was never his legal guardian,) the five dollars first mentioned, but on demand by plaintiff's legal guardian, in the winter of 1879, refused to pay anything. The plaintiff remained with his grandfather while he lived, and with his grandmother on the place as long as she or the defendant wished him to do so. No complaint was made of his conduct there, or of his leaving when he did.

*Held*, that the payment of the five dollars to the father's attorney would not relieve the defendant from paying, on demand of the legal guardian, the first payment never having in any manner enured to the plaintiff's benefit.

*Held*, also, that the testator intended to make the other legacies depend on the voluntary act and conduct of the plaintiff, and not upon the contingency of his own life's being prolonged for seven years from the time of the making of the will; and the plaintiff, having performed the condition until its further performance was rendered impossible by the act of God, was entitled to the other legacies. No time being fixed for their payment under the circumstances here developed, they should have been paid at the end of a year from the time defendant became executor. Having rendered no account, nor shown his readiness to pay, he is liable to interest from that time.

ON REPORT.

Action to recover certain legacies under the will of William Moody.

The opinion states all the material facts.

*Joseph Williamson*, for the plaintiff, cited: Co. Lit. 206 *a*; *Thomos* v. *Howell*, 1 Salk. 170; 1 Jarman, Wills, 807; *Bur-*

chett v. *Woolward*, 1 T. & R. E. Ch. 442 ; *McLachlan* v. *McLachlan*, 9 Paige, 534 ; *Farrar* v. *Ayres*, 5 Pick. 404 ; *Merrill* v. *Emery*, 10 Pick. 507 ; 2 Peere Williams, 601 ; *Kent* v. *Dunham*, 106 Mass. 586.

*William H. Fogler*, for the defendant, contended that there had been no demand on the defendant for the five dollar legacy.

In regard to the legacy of one hundred dollars, and suit of clothes : (1,) It was conditional ; the condition was a condition precedent ; the condition has not been performed and the legacy is therefore defeated. 2 Redf. Wills, 283, 284 ; 1 Jarman, Wills, (1st Am. ed.) 796, 797, 759, 806. (2,) If the court holds that the legacy vested in the plaintiff upon the death of the testator, the legacy is not payable until the plaintiff arrives at twenty-one years of age, and this suit is prematurely commenced, and cannot be sustained.

In the construction of wills, but little aid can be derived from the adjudged cases. *Olney* v. *Hull*, 21 Pick. 315 ; *Shattuck* v. *Stedman*, 2 Pick. 468.

BARROWS, J. The plaintiff who is still a minor, brings this action by his guardian, to recover certain legacies to which he says he is entitled, under the will of his grandfather, William Moody. James Moody, the defendant, qualified as executor of the will in January, 1877 ; and from the admitted facts, it would seem that there was property enough to meet all the calls of the will, though the executor has never settled his account in probate court. We think the testimony establishes a demand made in the winter of 1879-80, by the plaintiff's guardian, for payment of all the legacies which he claims to recover, and defendant's refusal to pay the same or any part thereof.

The will gave to the plaintiff and four other grandsons of the testator, five dollars each, to be paid them as soon as practicable after the testator's decease ; and to the plaintiff, who had lived with his grandfather from early childhood, "a further sum of one hundred dollars, and a suit of clothes, if he remains with me until he is twenty-one years of age, to be given him by my said son, James Moody." The will was made in 1876, when the tes-

tator was eighty-three years old, and plaintiff was at that time about fourteen years old. As long as his grandfather lived he continued to live with him, and remained with his grandmother some months afterwards, and till after the defendant took charge of the place. He says he left because the defendant said he had no further use for him. Defendant says he left because the grandmother said she had no further use for him. Both statements may be true. At all events, no fault was found with his conduct there, nor with his leaving when he did to hire out. The plaintiff has done nothing to forfeit the bequests, if the language of the will is such as to entitle him to receive them.

The defendant denies his liability in this action to pay either of the legacies. The first, (of $5) he says he has paid, and he produces the receipt of an attorney employed by the minor's father with other proof establishing the fact of a payment so made. This will not relieve him here. The father was never the legally appointed guardian, and as next friend and natural guardian had no authority to receive or control the disposition of a legacy to the plaintiff who does not appear to have had the benefit of the payment.

But the principal question is as to the plaintiff's right to recover for the one hundred dollars and the suit of clothes. As to these, defendant's positions are that they are by the terms of the bequest payable only upon the performance of a condition precedent which has not been fulfilled ; or if this be not so that they cannot be regarded as payable until the legatee has arrived at the age of twenty-one years, and hence this suit is premature. It is well settled that no form of words will constitute a condition precedent to the vesting of a legacy or devise when it appears from the whole will, read by the light in which the testator wrote it, that such could not have been the testator's intention. *Stark* v. *Smiley*, 25 Maine, 201 ; see also, *Hotham* v. *East India Co.* 1 T. R. 645 ; *Robinson* v. *Conyers*, Cases T. Talbot, 164, 166. It is simply unreasonable to suppose that this aged testator, with whom this grandson had lived from the time he was two years old, intended to make this legacy depend upon the contingency of his own survival to the age of ninety. Doubtless he

wished the boy to remain with him until he was twenty-one if he himself lived so long. Beyond that he must surely have been indifferent. The further performance of the condition having become impossible by the act of God, we act in conformity both with the law and the evident intention of the testator in declaring that thereupon the plaintiff's right to the legacy became absolute.

In *Thomas* v. *Howell*, 1 Salk. 170, a testator devised to his daughter on condition that she should marry his nephew on or before reaching the age of twenty-one years. The nephew died at the age of twelve, and after his death, but before she became twenty-one years old the devisee married another person. But the court held that the performance of the condition having become impossible by the act of God the condition was not broken and the estate of the devisee became absolute. The case is a marked illustration of the unwillingness of the court to construe any condition imposed by the testator as a condition precedent where the performance of it is liable to be made impossible by the act of God, or inevitable accident, without fault on the part of the legatee or devisee, if at the same time it appears that the testator designed to make the gift depend upon the option of the beneficiary to be exercised under the circumstances existing when the will was made, and not upon events over which he had no control.

The principle upon which *Thomas* v. *Howell* was decided is recognized in *Aislabi* v. *Rice*, 3 Madd, 137 ; S. C. 8 Taunton, 459 ; (4 E. C. L. R. 166-171,) and in *Burchett* v. *Woodward*, Turn. and Russ. 442 ; *Merrill* v. *Emery*, 10 Pick, 507 ; *Finlay* v. *King's Lessee*, 3 Pet. 346 ; *McLachlan* v. *McLachlan*, 9 Paige, 534 ; *Hughes* v. *Edwards*, 9 Wheat. 489 ; 2 Story Eq. Jur. § 1304.

We do not see that it is necessary now to consider the distinction which has been recognized between devises of real estate and bequests of personalty, as to the effect of conditions precedent, which are impossible in the outset or become so by the act of God. It is quite true that so far as form is concerned it would not be easy to find a condition which would more nearly answer to a condition precedent, according to the rules laid down in

Swinburne and the old decisions for distinguishing a condition precedent from a condition subsequent. But with the doctrine once thoroughly established, as it now is, that no form of words will make a condition precedent, when placing ourselves in the situation of the testator, we can see clearly that such could not have been his intention, the question resolves itself at once into the inquiry whether the testator designed that the provision should take effect if the consent and endeavor of the beneficiary were not wanting and its failure was not attributable to him, or whether the occurrence of the event or the performance of the act was, in the mind of the testator, the essential thing, without which (however the failure might occur) the testator did not intend to have the provision stand. We think it clear that the testator intended that this provision for the grandson over whom he had so long had a paternal care should depend upon the acts of the boy himself and not upon the contingency of his own life being protracted until the condition could be fully performed.

Nor do we think that the position that the legacy is not in any event payable until the beneficiary reaches the age of twenty-one years is tenable. No time for its payment is fixed. If valid at all it became payable as other legacies not made payable upon any specified time do ; in a reasonable time after the death of the testator and the probate of the will.

There is nothing to suggest that it should not have been paid at the end of a year from the time the executor assumed the trust, except that the minor had no guardian. If the executor had settled his account as he should have done at the end of the year, and exhibited his readiness to pay the legacy as soon as he could have a legal discharge therefor, it might have been a question whether he ought to be liable for interest before lawful demand made. But he did no such thing.

*Judgment for plaintiff for $125, and interest from January 31, 1878.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.