### KENNEDY v. BADGETT.

1. The decision of this court on a former appeal in this case (19 *S. C.*, 591), stated.
2. Where property is given by will to three daughters, and to a son in trust for his own wife and children, the parties interested being required to account for debts due by them, the share of such wife and children cannot be diminished by debts due to testatrix by her son, the trustee.

Before HUDSON, J., Laurens, June, 1886.

At the hearing of this appeal, the honorable A. P. Aldrich, judge of the Second Judicial Circuit, sat in the stead of the Chief Justice, who had been of counsel in the cause. The opinion states the case.

*Messrs. Holmes & Simpson*, for appellants.

*Mr. B. W. Ball*, contra.

May 5, 1887. The opinion of the court was delivered by
MR. JUSTICE McIVER. Without complicating this case with

a full statement of matters heretofore determined, it is sufficient to say that the only question presented by this appeal is as to the construction of the former decree of this court (19 *S. C.*, 591, to which reference may be had for a full statement of the facts) determining the proper distribution of the estate of Leannah Kennedy under the terms of her will. It seems that Leannah Kennedy, during her life-time, gave off property in unequal portions to her children, which they received at a valuation, to be accounted for in the final settlement of her estate, and by her will gave her entire estate, in equal shares, to her three daughters, Mrs. Franks, Mrs. Badgett, and Mrs. Bolt, and to her son, N. O. Kennedy, in trust for the use of his wife and children. Assuming that all the property thus given off had been fully accounted for at her death, then it appears that N. O. Kennedy had received more than one-fourth of the whole estate, and each of the three daughters less than that proportion, and the real controversy is whether the wife and children of N. O. Kennedy shall be required to account for the amount received by N. O. Kennedy during the life-time of Leannah Kennedy before they can receive anything under the terms of her will.

The language used in the previous opinion of this court in regard to this matter, which seems to have given rise to the present controversy, is as follows: "These deficiencies are not debts due to the daughters, but after the debts of Leannah shall have been paid, these amounts must be taken into account in the final distribution of the estate for the purpose of equalizing the shares of the parties interested." It seems to us that this language plainly implies that the wife and children of N. O. Kennedy are not to be required to account for the value of the property which *he* had received, for "these deficiencies are not *debts* due to the daughters," and therefore they are not to be paid or made good before the estate is divided according to the terms of the will, as would be the case if they were debts. But the court goes on to declare that "these *amounts*"—not the *deficiencies*—clearly alluding to the amounts which had been received by the three daughters, "must be taken into account in the final distribution of the estate for the purpose *of equalizing the shares of the parties interested.*"

Now, the "parties interested" were the three daughters and the wife and children of N. O. Kennedy—*not* N. O. Kennedy—and the will provided that *these parties* should each be entitled to one-fourth of the estate, and the shares of *these parties* could not be equalized by taking from one of them the value of property which had been received by another person, and allowing the other three of the *"parties interested,"* not only to retain what they had previously received, but also to divide amongst themselves the balance of the estate of the testatrix which had not been given off in her life-time, possibly to the entire exclusion of those entitled under the will to the fourth share—the wife and children of N. O. Kennedy.

For if, as was held in the court below, the wife and children are required to account for the value of property received by N. O. Kennedy before they can receive anything under the will, it may be that they would receive nothing, as it may require the whole balance of the estate to make up the difference between the amounts received by the daughters and the amount received by N. O. Kennedy; and such, it is stated at the bar, will be the result. Such a construction cannot properly be placed upon the former decree of this court. On the contrary, we think that the true construction is, as the terms of the will plainly import, that the entire estate of Leannah Kennedy, including as well that which remained in her possession at her death, as that which had previously been delivered to her children, should be divided into four equal parts, of which each of the three daughters should be entitled to one part, and the remaining fourth should go to the wife and children of N. O. Kennedy, to be held by him in trust for them. But as the three daughters had already received portions of the estate, the amounts so received by them must be taken into account for the purpose of equalizing their shares with the share of the other *"parties interested"*—the wife and children of N. O. Kennedy.

This construction, it is urged, will work injustice to the three daughters; but we do not see how. The manifest object of the testatrix was that her daughters and the wife and children of her son should share equally in her estate, and as her daughters had each received in advance a portion of the estate, and the other

objects of her bounty, the wife and children of N. O. Kennedy, had received nothing, it would seem to be in accordance with the strictest dictates of justice, as well as in accordance with her declared purpose to equalize the shares of the several parties interested under the will, that those who had already received portions of the bounty intended for them should account for such portions in the final division.

It does not seem to us that this matter has been concluded by the decree of Judge Wallace, as the Circuit Judge seems to intimate. Judge Wallace simply confirmed the report of the master, who had, in his report, found that under the will *the share of N. O. Kennedy*, instead of one-fourth of the estate, had been given in trust for the wife and children, whereas, on appeal this court held that the will gave one-fourth of the entire estate—not simply the share of N. O. Kennedy—to N. O. Kennedy in trust for his wife and children. Indeed, it seems to us that much of the difficulty which has arisen in this case is due to the fact that the difference between N. O. Kennedy as an individual and N. O. Kennedy as trustee for his wife and children, has not been kept in mind.

It may be that the conclusion which we have reached may result in favoring the Kennedy family to the prejudice of the interests of the daughters, as it is but reasonable to suppose that his wife and children participated in the use and enjoyment of the property received by him from his mother during her lifetime; but at the same time it may be that his mother, finding that he had, through improvidence or misfortune, dissipated or lost the property which she had previously given to him, for that very reason wished to make some provision for his wife and children. But whatever may be the facts in this respect, such considerations have nothing to do with our present inquiry. If the property belonged to Leannah Kennedy, as has heretofore been determined, she had the right to dispose of it as she might see fit; and if she saw proper to give one-fourth of it to the wife and children of her son, without requiring them to account for what she had previously given to her son, as we think she did under a proper construction of the will, as well as of the former

decree in this case, she had a perfect right to do so, and her wishes in this respect must be carried into effect.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case be remanded to that court for such further proceedings as may be necessary to carry out the views herein announced.[1]