HARRIET BURNHAM, Respondent, *v.* OLIVER T. COMFORT, Appellant.

108    535
78 AD 612

The rule of ademption is predicable of legacies of personal estate, and is not applicable to devises of realty.

A specific devise of real estate can only be revoked by the destruction of the will or the execution of another will or codicil, or by alienation of the estate during the testator's life.

After the execution of a will containing a devise to a daughter of the testator, she, in consideration of the payment to her of a sum of money, signed a written instrument which stated that the sum paid was received as her part of her father's estate. This payment was intended to be in lieu of the devise. The testator lived some fifteen years thereafter, and died leaving the will unaltered. In an action by the daughter against the residuary devisee to recover possession of the premises so specifically devised to her, *held*, that the writing did not work a revocation of the devise and that she was entitled to recover.

(Argued February 9, 1888; decided February 28, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order dated September 15, 1885, which affirmed a judgment ordered for the plaintiff at Special Term. (Reported below 37 Hun, 216.)

This action was brought to recover possession of certain real estate with damages for the use and occupation thereof. The facts are sufficiently stated in the opinion.

*Gabriel L. Smith* for appellant. The payment of the $500 to the plaintiff by her father, upon the agreement between them that it was to be in lieu or in place of the devise, and in satisfaction thereof, satisfied and discharged the provision made for her in the will. (*Langdon* v. *Astor*, 16 N. Y. 1, 40, 53; *Parker* v. *McClure*, 3 Keyes, 318, 322; *Stokesbury* v. *Reynolds*, 57 Ind. 425; *Raines* v. *Hayes*, 2 Tenn. Ch. 609; *Van Houton* v. *Post*, 32 N. J. Eq. 709; *Hine* v. *Hine*, 39 Barb. 507; *De Graff* v. *Terpenning*, 52 How. Pr. 313.) The plaintiff, by the acceptance of the $500 given to her, upon her agreement that she received it as her part of her father's estate, which he then had, or might thereafter become possessed of, is estopped from denying that she has received her full part of her father's estate. (*Grissler* v. *Powers*, 81 N. Y. 58; *Blair* v. *Wait*, 69 id. 113; *In re Cooper*, 93 id. 507; *De Herques* v. *Marti*, 85 id. 609; *Powers' Appeal*, 63 Penn. St. 443; *Galbraith* v. *McLain*, 84 Ill. 379; *Quarles* v. *Quarles*, 4 Mass. 680, 681; *Kenny* v. *Tucker*, 8 id. 142, 143; *Hobson* v. *Trevor*, 2 P. Williams, 191; *Beckley* v. *Newland*, id. 182; *Holroyd* v. *Marshall*, 10 H. of L. Cas. 19; Snell's Principles of Equity, 72; 2 Story's Com., §§ 1040, 1040c; Smith's Eq. Man. 231, 232; 2 Williams on Executors [6th ed.] 4378, 1418, 1426; *Sullings* v. *Richmond*, 5 Allen, 187; *Tarbell* v. *Tarbell*, 10 id. 278; *Miller's Appeal*, 7 Casey, 340; Story's Eq. Jur., §§ 1111, 1112; *Ellison* v. *Cookson*, 1 Vesey, Jr., 100; *Trimmer* v. *Bayne*, 7 id. 508; *Hinchcliffe* v. *Hinchcliffe*, 3 id. 516; *Carver* v. *Bolles*, 2 R. & M. 301; 1 Roper on Legacies, 374; *Debeze* v. *Nann*, 2 Bro. Ch. Cas. 166; Story's Eq. Jur., § 1110; *Davys* v. *Boucher*, 3 Young & Coll. 392; *Pym* v. *Lockyer*, 5 M. & C. 29; 1 Roper, 365; *Rosewell* v. *Bennett*, 3 Atk. 77.) If this plaintiff is permitted to succeed in this action she will obtain a "double portion," which equity does

not favor. (Story's Eq. Jur. § 1112; *Suise* v. *Lowther*, 2 Hare R. 424, 434, 435; *Pym* v. *Lockyer*, 5 M. & C. 34, 46; *Hartop* v. *Whitmore*, 1. P. Wms. 682; *Wharton* v. *Earl of Durham*, 3 M. & K. 478.) This agreement by the daughter is, in fact, a sale of her expectancy, and she is estopped thereby. (*Stover* v. *Eycleshimer*, 4 Abb. N. Y. Ct. of App. Dec. 309, 311, 312; Fonblanque's Eq. 218, § 1040; *Field* v. *Mayor, etc.*, 6 N. Y. 179; *Low* v. *Low*, 32 Alb. L. J. 97, 98; *Allen* v. *Allen*, 13 S. C. 512; *Fitch* v. *Fitch*, 8 Pick. 480; *Trull* v. *Eastman*, 3 Metc. 121; *Quarles* v. *Quarles*, 4 Mass. 680; *Kenney* v. *Tucker*, 8 id. 143; *Dewitt* v. *Brands*, 8 Cen. Rep. 594.)

*J. A. Reynolds* for respondent. The receipt given by the plaintiff to her father did not act as a revocation of the will, as " any paper revoking a will must be executed with the same formalities as the will itself, and must be signed by the testator." (3 R. S. [7th ed.] 2286; *Camp* v. *Camp*, 18 Hun 217.) A devise cannot be adeemed by an advancement. (3 R. S. 2213.) The statutory provisions in regard to advancements apply only to cases of intestacy. (Redf. Law and Prac., 569; 3 Sandf. Ch. 120; 3 Redf. R. 28; 4 Kent's Com. 418.) Ademption applies only to legacies. (Bouvier's Law Dictionary; Law Dictionary of Rapelje & Lawrence; 2 Fonblanque on Equity, 351, 352; Willard on Executors and Surrogates, 351; *Langdon* v. *Astor*, 16 N. Y. 40; 1 Roper on Legacies, chap. 6, 365; Redf. L. and Pr. of Surrogate's Courts, 570; 2 Redf. on Wills, 441; *Davys* v. *Boucher*, 3 Y. & C. [Exch.] 397; 2 Williams on Executors [7th ed., London, 1873], 1335; 2 White & Tudor's Leading Cases in Equity [Phila. ed. of 1877], 764; *Bellassis* v. *Uthwatt*, 1 Atk. 428; *Grave* v. *Salisbury*, 1 Bro. C. C. 425; *Dugan* v. *Hollins*, 4 Md. Ch. 139; *Swoope's Appeal* 27 Penn. St. 58; *Clark* v. *Jetton*, 5 Sneed [Tenn.] 236; *Thomas* v. *Copps*, 5 Bush. [Ky.] 273; *Allen* v. *Allen*, 13 S. C. 513; *Weston* v. *Johnson*, 48 Ind. 1; 2 Story's Eq. Jur. 494; 3 Duer, 541; 2 Hilliard on Real

Property, 501.) The plaintiff was entitled to the rents and profits of the property, from the time of the defendant's entry, with interest on the value of the land from the end of each year. (1 Barb. 182, 184; 36 N. Y. 647; 24 Wend. 446; Code C. P., § 1531.)

GRAY, J. The appellant contends that a devise of real property to the respondent was satisfied by the payment to her in the testator's, her father's, lifetime, of a sum of money, and for which she gave a writing in the following form:

"Received of Oliver Comfort $500, which money I receive as my part of my father's estate up to this time, and all such other property as he may accumulate up to his decease. In witness whereof I have hereunto subscribed my name."

"Dated Southport, May 14, 1864," and signed "Harriet Burnham, in presence of Lawrence Lain."

By testator's will, made prior to that date, he had devised to his brother certain lands for life, and after his death to this daughter. His residuary estate testator gave to his son Oliver, this appellant. Testator died some fifteen years after the receipt was taken from his daughter, and there is no evidence of any revocation or alteration of his will, or of any part thereof, having been made by other will or codicil, or instrument executed with the formalities of a will. It was found as a fact below, and it is conceded here, that this payment by testator to his daughter was intended to be in lieu of the devise to her in the will, and that it was so accepted by her at the time.

The question is thus squarely presented whether a satisfaction of the devise in the will to the daughter was effected. If we should hold that such was the effect of the transaction between the father and daughter, we must hold that it operated as a revocation of the will to the extent of the provisions affecting the daughter's estate thereunder. We think such a proposition to contravene the spirit, if not the letter, of the provisions of the Revised Statutes of this state applicable to

wills, and that it lacks support in principle as it does in authority.

The rule of ademption is predicable of legacies of personal estate and is not applicable to devises of realty. (Story's Eq. Jur. § 1111; 2 Williams on Exrs. [5th Am. ed.] 1202; 1 Roper on Legacies 365; *Davys* v. *Boucher*, 3 Young & Coll. Eq. Rep. 397; *Langdon* v. *Astor's Exrs., etc.* 16 N. Y. 34.) Ademption is the extinction or satisfaction of a legacy by some act of a testator, which is equivalent to a revocation of the bequest or indicates the intention to revoke, and the rule is applied where the testator is a parent of the legatee or stands *in loco parentis.* The question of its application is made to depend upon the declared or presumed intention of the donor. (*Langdon* v. *Astor's Exrs., supra.*) The danger of creating an intention from the facts is ordinarily great enough to require in each case that the mind of the court should be wholly satisfied as to the meaning of the testator's act. In the present case, had the testamentary gift been a legacy of personal property, we should say that no doubt could exist as to what was intended by testator at the time of the transaction. We see no reason, however, for the application of any such rule to devises of real property. During a testator's lifetime his will is, of course, inoperative and ineffectual, and only upon his death does it have any legal operation. The writing, which testator took from his daughter, was not an agreement in any sense binding upon him, nor was it one which enured to appellant's benefit. Appellant was no party to it, and no consideration moved from him for its execution. The question is not such as would arise by reason of a transaction between the respondent, as the legatee, and appellant, as the residuary legatee, by which she had transferred or released to him her interest under her father's will in due form. After the writing had been delivered the daughter may have been precluded from asserting her right to recognition in her father's will, but the father was at liberty either to give legal effect to the transaction by changing his will and revoking the provisions in his daughter's favor, or to reconsider

any previously existing intention of altering his provision for her. Although he survived the transaction fifteen years, he did not change his will, and the presumption of a subsequent change of intention, on his part, from any motive, may be entertained without doing any violence to our ideas of strict justice.

But a deeper principle underlies the consideration of this question in the effect to be given to our statutes governing the making of wills. A specific devise of real property may be revoked by alteration or alienation of the estate during testator's life (*Livingston* v. *Livingston*, 3 Johns. Ch. Rep. 154; *McNaughton* v. *McNaughton*, 34 N. Y. 201); but we fail to see any other mode of effecting such revocation without running counter to those provisions of the statutes, which declare what acts shall revoke or alter a will in writing. (3 R. S. [Banks, 7th ed.] 2286, 2288.) Those provisions do not contemplate a revocation or alteration of any part of a will, or of any previous devise, except by some other will in writing, or some writing of the testator declaring such revocation or alteration and executed with the same formalities with which a will is required to be executed. (§ 42.) And they do contemplate a revocation of a devise of property, previously devised by testator, to be operated, where the testator's interest in such property has been altered, but not wholly divested, by some conveyance, settlement, deed or other act of the testator, only when the instrument, by which the alteration of testator's interest is made, declares the intention that it shall operate as a revocation of such previous devise, or its provisions are wholly inconsistent with the terms and nature of such previous devise. (§§ 47, 48.) Thus the statute explicitly declares that where a will is not wholly or in part revoked or altered by some other will or writing executed with like formalities, a previous devise of property is only to be deemed revoked by some alteration of testator's interest in the property devised, evidenced by some conveyance or instrument either declaring the alteration to be a revocation or wholly inconsistent with the nature of the previous devise.

In these provisions I think I see ample reason for refusing our sanction to the introduction of a doctrine, which, while if applicable at this day to legacies of personal property, can work no especial prejudice to rights of property in such application, yet in its application to devises of real property might work great mischief and tend to endanger the safety of titles which depend for their security upon the conduit of a testamentary devise. The reason for refusing to extend the application of the principle of satisfaction to devises of real estate, which was assigned in the case of *Davys* v. *Boucher* (3 Young & Collier Eq. Rep. 397), was that to so extend it would repeal that provision of the statute of frauds which applies to the revocation of wills of real estate.

The sixth section of the English Statute of Frauds (29 Car. chap. 2 § 3), provided that devises in writing of lands, etc., should be revocable by some other will, or codicil, or writing declaring the same, or by destruction by testator's act; and that all such devises should remain in force unless so destroyed, or unless altered as mentioned, by will, codicil or writing, witnessed in form. The subsequent passage of chapter 26 of 2d Victoria, placed the revocation of wills of personalty upon the same footing as wills of realty. (1 Wms. on Exrs., 106, 107, 130, 131.) There is a sufficient likeness in the English statute to ours to make the reasoning applicable here.

A rule of law which has heretofore been sanctioned and relied upon, which is in unison with the spirit and with the sense of our statute and which offers a safe rule of property, is rather to be followed, than to be departed from for reasons moving from the circumstances of a particular case. Reference to adjudged cases in the courts of other states only serves to confirm us in the views we have expressed. (*Clark* v. *Jetton*, 5 Sneed, 229; *Allen* v. *Allen* 13 So. Car. 512; *Weston* v. *Johnson*, 48 Ind. 1.)

The judgment should be affirmed.

All concur except EARL and PECKHAM, JJ., dissenting.

Judgment affirmed.