HART *et al.*, executors, *vs.* JOHNSON *et al.*

Where, by a will made after the passage of the woman's act of 1866, a testator devised to two of his daughters specific legacies of $500 each, and they subsequently married, and he advanced to their husbands $500 each without, at the time, stating whether it was in lieu of the legacies or not, this was not an ademption of such legacies, though he may have subsequently said that the money was advanced in lieu of the bequest; this latter statement not having been made in the presence of the daughters or sons-in-law.

November 21, 1888.

Wills. Ademption. Legacies. Married women. Before Judge LUMPKIN. Glascock superior court. February term, 1888.

Reported in the decision.

REESE & LITTLE, by HARRISON & PEEPLES, for plaintiffs in error.

THOMAS E. WATSON, *contra.*

BLANDFORD, Justice.

Samuel Hart made a will by which he devised to two of his daughters $500 each. They subsequently married, and he advanced to their husbands $500 each, without at the time stating whether it was in lieu of the legacy to the daughters or not, although there was evidence to the effect that he subsequently said that the money was advanced to them in lieu of the bequest. The court below held that this was not an ademption of the legacy, and a recovery was had in favor of the daughters, against the executors of the testator, for the amount of the bequest; whereupon the executors excepted.

We agree with the court below that this was not an ademption of the legacy to the daughters. The testa-

tor said nothing to his sons-in-law, at the time he gave them this money, as to its being in ademption of the legacies. What he said on this subject, as testified to by the witnesses, was said at a subsequent time, and was not said in the presence of the daughters or sons-in-law. Besides, this will was made subsequent to the "woman's act" of 1866, under which the wife is a *feme sole* as to her property at the time of her marriage, and as to property given to, inherited or acquired by her afterwards. These daughters married after the making of the will.

We find a case which runs *quatuor pedibus* with this—Ravenscroft *vs.* Jones, 32 Beavan's Reports, 669. In that case the testator, by his will, bequeathed to his daughter a legacy of 700 pounds, she being then unmarried. She having afterwards become engaged to be married, her father sent her, by her mother, 100 pounds, which she used in procuring her wedding outfit. After her marriage, the testator sent by his wife to the daughter's husband, 400 pounds, and the husband thanked the father-in-law, who said he hoped it would do him good. Nothing was said by the testator, at the time of these gifts, of any ademption of the legacy. The wife of the testator testified, however, that from what her husband said to her, she had no doubt that he intended these sums as part of the legacy. The Master of the Rolls, Sir John Romilly, held that this was no ademption of the legacy, and that the legacy could not be done away with by what the testator said subsequent to the giving of this money, nothing having been said at the time the gifts were made as to such purpose or intention, and that if he had intended to adeem the legacy, he might have stated so subsequently in the codicil to his will. We think that is the law of this case; and the judgment of the court below is affirmed.