(29 Misc. Rep. 448.)

## In re BACKUS' WILL.

(Surrogate's Court, New York County. November, 1899.)

1. WILLS—REVOCATION.

Under Rev. St. pt. 2, c. 6, tit. 1, art. 3, § 42, providing that wills can be revoked or altered only by an instrument "executed with the same formalities with which the will itself was required by law to be executed," a will is not revoked by a trust deed not executed with the formalities prescribed by law for the execution of wills, though the deed contains a clause revoking and canceling "any last will and testament by me heretofore made," and remains in effect as to the appointment of executors and disposal of property not conveyed by the trust deed.

2. SAME—STATUTES.

Rev. St. pt. 2, c. 6, tit. 1, art. 3, § 47, providing that a conveyance by a testator, by which his estate or interest in property previously devised or bequeathed shall be altered, but not wholly devested, shall not be deemed a revocation of such devise or bequest unless in the instrument such intent is declared; and section 48, providing that, if the provisions of an instrument by which such alteration is made are wholly inconsistent with the terms and nature of such previous devise or bequest, such instrument shall operate as a revocation, unless made to depend on a condition or contingency which is not performed or does not happen,—do not refer to the revocation of wills, but only to devises and bequests contained in wills.

3. TRUSTS—AFTER-ACQUIRED PROPERTY.

A trust deed conveying all of decedent's property affects only such property as was owned by him at the time of its execution.

Proceedings upon probate of a will of Charles C. Backus, deceased. Probate decreed.

Logan, Demond & Hardy, for proponent.
Edward C. James, for contestant.

VARNUM, S. The decedent, by his will, dated March 23, 1880, gave to his son and daughter, in equal shares, all his estate, and appointed both of them his executors. In opposing the probate of this will, the contestant has put in evidence a trust deed executed by the decedent on July 19, 1897, whereby he conveys "all and singular my property and estate of every kind and nature whatsoever, whether real, personal, or mixed, wherever the same may be," to be held in trust during decedent's life for his use and benefit and that of his children, and after his death, after a special allowance to his son for past services, to pay over to him one-half of the capital, and hold the other half in trust for his daughter during her life. The trust deed also contains the following provision: "And I hereby revoke, annul, and cancel any last will and testament by me heretofore made, sealed, subscribed, published, and declared as and for my last will and testament." The trust deed was not executed with the formalities prescribed by law for the execution of wills. It appears from the petition that the decedent left no real estate, but a considerable personal estate, and that both the legatees, who were his only issue, survived him. Contestant claims that by the execution of the trust deed containing the last-mentioned clause the will of 1880 was revoked under the provisions of sections 47 and 48 of article 3, tit. 1, c. 6, pt. 2, of the Revised Statutes. Section

42 of the article above referred to provides that wills, "except in the cases hereinafter mentioned," can only be revoked or altered by another will or other writing when the latter is "executed with the same formalities with which the will itself was required by law to be executed." Sections 43 and 44 contain evidently the only exceptions above referred to, namely, revocation of a will by marriage and birth of issue, or by the subsequent marriage of an unmarried woman. Sections 47 and 48, in my opinion, relate only to a revocation of devises or bequests contained in wills, and not to revocation of the wills themselves. See Burnham v. Comfort, 108 N. Y. 540, 15 N. E. 535; In re Dowd, 58 How. Prac. 109; Brown v. Brown, 16 Barb. 569; McNaughton v. McNaughton, 34 N. Y. 203; Adams v. Winne, 7 Paige, 100, 101; Vandemark v. Vandemark, 26 Barb. 418. Hence, while devises and bequests may be revoked by a deed, the will itself cannot be wholly revoked, except in the cases specified in sections 43 and 44, in any other manner than those prescribed by section 42. The fact that all the devises and bequests under the will have been virtually revoked under the provisions of sections 47 and 48 by the execution of the trust deed on July 19, 1897, does not, in my opinion, make any difference. The trust deed, if valid, affected only such property as was owned by the testator at the date of its execution, for a deed speaks only from the time of its delivery, and covers no subsequently acquired property. The will remains unrevoked as to such subsequently acquired property, if any there may be, and as to the appointment of executors, even if the trust deed be found valid. The will may, therefore, be admitted to probate for what it is worth.

Probate decreed.