(33 Misc. Rep. 180.)

### AMETRANO v. DOWNS et al.

(Supreme Court, Special Term, Kings County. November, 1900.)

WILLS—DEVISE—CONDEMNATION OF ESTATE—DAMAGES—RIGHTS OF DEVISEE.
Where testatrix devised her half interest in real estate in fee, and afterwards the land was taken under eminent domain proceedings, the devisee was not, on the death of testatrix, entitled to the moneys received by the testatrix as damages, since the condemnation revoked the devise.

Action by Elizabeth F. Ametrano, as administratrix of the estate of Margaret Shelly, against Henry T. Downs and others, for construction of the will of her testator. Rights of parties determined, and judgment accordingly.

The deceased left her surviving her husband, her daughter (the plaintiff), and five grandchildren, her only heirs and next of kin. She made her will in 1891. It contained the following devise to her said daughter:

"I give, devise and bequeath my one-half interest in the building known as number 22 Oliver street in the 4th ward of the city of New York, unto my daughter Lizzie, wife of Emanuel Ametrano, * * * and to her heirs and assigns forever."

The testator and her husband owned the said land in fee as tenants in common, share and share alike. She owned no other property at the time of making the will or thereafter. She died in 1899. After she made her said will, viz., in 1896, the city of New York acquired title to the said land by a proceeding under the eminent domain power, and paid $19,000 therefor. After payment of liens on the land there remained $9,800. This was equally divided by the testator and her husband, and the testator deposited her part ($4,900) in a trust company in her own name. During her lifetime she received and used the interest thereon, and also drew out and used $400 of the principal, leaving $4,500 in the deposit at her death.

John M. Rider, for plaintiff.
Alfred D. Lind, for defendants.

GAYNOR, J.  The plaintiff contends that the specific devise to her of the testator's one-half interest in the lot of land mentioned in the will gives her the proceeds thereof received by the testator from the city of New York under the condemnation proceedings by which the said city took the title after the making of the will.  Where a testator sells real estate which he has previously devised by his will, such devise is thereby revoked.  McNaughton v. McNaughton, 34 N. Y. 201; Burnham v. Comfort, 108 N. Y. 535, 15 N. E. 710.  The distinction in the present case is that the testator did not sell the land, but it was compulsorily taken from her by proceedings under the eminent domain power of the state.  I do not know that the question thus presented has been decided in this state, but in England it has been held that the rule of revocation applies in such case the same as in the case of a voluntary sale; or, more closely speaking, that the devise becomes wholly inoperative.  Jarm. Wills, p. 129. And the rule is the same with us, no doubt.  Our statute in relation to wills does not meet the case.

Judgment accordingly, with costs to each side.