R. I. Hospital Trust Company *vs.* Theodore B. Keith *et al.*

PROVIDENCE—MARCH 23, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Wills. Revocation. Ademption.*

Under Gen. Laws cap. 203, §§ 16-18, making a will irrevocable except in the manner therein prescribed, the doctrine of ademption has no application.

BILL IN EQUITY. Heard on bill, answers, and proof.

DOUGLAS, J. Elizabeth B. Keith died in the city of Providence, July 28, 1900, leaving a last will executed October 26, 1898, and a codicil thereto executed July 2, 1900. The respondents are children of the testatrix and were made residuary legatees and executors of the will, and the complainant is a corporation to which a legacy of thirty thousand dollars is given by the codicil in trust, as follows:

"A,—to hold, manage, invest and reinvest at its discretion and to as often as once in six months pay over the net income thereof to my three children, Theodore B. Keith, Lilian F. Keith, and Edward D. Keith, share and share alike; and in further trust:

"B,—to pay over upon the death of any one of said three children, one-third ($\frac{1}{3}$) part of the principal of said fund to such person or persons as such child should in and by his last will and testament appoint; but failing such will, then, thereupon, such one-third part of such fund shall be paid over to the heirs at law at that time of such child so dying and then and thereupon said trust as to said one-third ($\frac{1}{3}$) shall cease and determine."

The bill alleges further that both the personal and real estate of the testatrix are insufficient to pay said legacy and prays that after exhaustion of the personal property it may be satisfied so far as possible out of the real estate.

The answer admits the statements of the bill but avers "that the legacy of thirty thousand dollars to the complainant was adeemed or satisfied by said testatrix in her lifetime by gifts of stock of the par value of about thirty thousand dollars, but of somewhat greater market value to her said three children, between the date of the making of said codicil and the date of her death."

It appeared in evidence that after the execution of the codicil the testatrix became anxious about the taxes which she was informed her legatees' interests would be subject to, and, with the purpose in view to avoid taxation, she directed her nephew to divide her personal property amongst her heirs, share and share alike. "Her idea was," the witness testifies, "to avoid all the taxation there was at that time, both the United States death legacy tax and the city tax, which she was beginning to realize would come upon her property if it were to be, as she had previously wanted it to be, in trust. In pursuance of her instructions," he says, "I got the certificates from the vault that Miss Keith or perhaps Mr. Keith had— who had access to the vault—I forget which one went with me —but I got the certificates and Mrs. Keith signed them in the

presence of myself, and then I filled in the names of her heirs and distributed them share and share alike. The certificates were divisible by three, so that they were actually divided into threes (thirds?)" The par value of these stocks was about thirty thousand dollars.

(1)      We think this proceeding indicated plainly enough an intention on the part of the testatrix to revoke the legacy to the complainant in trust, and the only question before us is whether it had that effect in law. If the will and codicil had been made before the adoption of the General Laws in 1896, it may be doubted whether the equitable doctrine of ademption might not have applied; but, since the change in the statute relating to the revocation of wills has extended its provisions to bequests of personal property, as well as devises of real estate, we think it unnecessary for us to thread the intricacies of the reasoning on this subject. We need only to consider the effect of the statute.

The sixth section of the statute of frauds, 29 Car. II, cap. 3, § 6, made substantially similar provisions, with regard to the formal methods to be pursued in revoking devises of real estate, to those which our statute applies to all wills of personalty as well as realty; and the construction of the former statute, as affecting the claim of ademption of real estate, is pertinent to the consideration of the question before us.

In *Davys* v. *Boucher*, 3 Y. & C. 397, the claim was made that a rent charge given by will was adeemed by a subsequent marriage settlement. It was said by Alderson, B: "The principles on which these questions turn may be shortly stated. Where a parent or person *in loco parentis*, gives a legacy to a child by way of portion and afterwards upon marriage or any other occasion, calling for it, makes advances in the nature of a portion to that child, that will amount to an ademption of the gift by will, and a court of equity will presume he meant to satisfy the one by the other. . . . But so far as my researches have extended, I do not find any instance of this principle having been extended to devises of real estate, and I think so to extend it would be to repeal that provision of

the statute of frauds which applies to the revocation of wills of real estate."

In *Burnham* v. *Comfort*, 108 N. Y. 535, the appellant contended that a devise of real property to the respondent was satisfied by the payment to her in the testator's, her father's, lifetime of a sum of money for which she gave a receipt as for her part of her father's estate. The court found that the gift was intended to be in *lieu* of the devise, but that it could not be held to have that effect in law. "We think such a proposition," says Gray, J., "to contravene the spirit, if not the letter, of the provisions of the Revised Statutes of this State applicable to wills," *etc.*

See also *Marshall* v. *Rench*, 3 Del. Ch. 239, 256, from which it appears that the statute of Delaware allowed an implied revocation of a devise by change of circumstances; but our statute very particularly excludes any such implication. Gen. Laws cap. 203, § 18: "No will shall be revoked by any presumption of intention on the ground of an alteration in circumstances."

The whole foundation of the defence here set up is the presumed intention of the testatrix to anticipate her gift in the will by her distribution of stocks to her children before her death. The statute is decisive against such a contention.

We find, therefore, that the complainant is entitled to the legacy in question, and that after the exhaustion of the personal property it is chargeable upon the real estate.

*Tillinghast & Carr*, for complainant.

*Edward D. Bassett & Herbert Almy*, for respondents.