In re Estate of Benjamin T. Hall, Deceased, W. S. Hall, Executor, Appellee, v. Norman Hall, Legatee, Appellant.

**Wills:** ADVANCEMENTS. The doctrine of advancement to an heir is not applicable where there is a will.

**Conveyance of property devised:** SATISFACTION. An absolute conveyance of property devised, to the husband or wife of the devisee, is not a satisfaction of the bequest or devise.

**Parol trusts.** A parol trust cannot be imposed on an absolute conveyance of land.

*Appeal from Linn District Court.—* HON. WM. G. THOMPSON, Judge.

TUESDAY, JANUARY 8, 1907.

THIS is a suit for the construction of the will of Benjamin T. Hall, deceased. The trial court ruled that Norman Hall took nothing under the will, and he appeals.— *Reversed and remanded.*

*Voris & Haas,* for appellant.

*James E. Bromwell*, for appellee.

DEEMER, J.— The material parts of the will now before us for construction read as follows:

2nd. I give and devise to the heirs (children) of my deceased son, Warren, the north half of the timber tract situated in the southeast quarter of the southwest quarter of section 28, township 86, range 6, in Linn county, Iowa, or proceeds of sale of said tract as they and my said executor may mutually agree.

3rd. I give, devise and bequeath to my son, Norman, the south half of said timber tract mentioned in Number Two as being situated in 28–86–6, Linn Co., Iowa, to have and to hold unto himself his heirs and assigns forever.

4th. I give and devise unto my sons, Isaac, Norman, Orin and Harmon, each an equal share in and to all the property, real and personal, of which I may die possessed, after the bequests hereinbefore and hereinafter mentioned, together with all debts and expenses, shall have been paid or set off, it being understood under this head that in the case of Norman the land devised him under Number Three above, is to be considered in the whole or aggregate of property to be equally, as to value, divided among the four legatees, he to have and to hold said land in any case, even though it be more than one-fourth of all property mentioned under this head, and should it be less than one-fourth, then balance is to be apportioned him by my said executor who is also to make all divisions under this head.

These are clear and unambiguous; and the questions arising grow out of transactions occurring after the execution of the will. It appears that thereafter, and before the death of the testator, he executed a deed to Norman Hall for the land devised by the third paragraph of the will, and took a receipt from him, Norman, for $625 as having received that much from his (Benjamin's) estate, on account of the land. The deed was taken to the recorder, but he would not file it for record because not acknowledged. The deed was returned to be corrected; and testator then changed his

mind and concluded to deed the land to Margaret, wife of
Norman, saying that he "would know then that Norman
would have a home." The deed to Norman was then de-
stroyed and the receipt given by him, Norman, was at testa-
tor's request returned and destroyed. Testator thereupon
deeded the land by warranty deed to Margaret I. Hall for
the express consideration of $625. This deed was executed
December 25, 1901, and filed for record February 4, 1902.
Testator died September 26, 1903. Norman Hall and his
wife have been in possession of the land since the execu-
tion of the deed to Margaret. There is testimony tending
to show that testator intended this land to be charged to
Norman's share of the estate; but no showing that either
Margaret accepted it as such or that Norman agreed that it
should be so treated.

The question presented is: Is Norman entitled to
anything under the fourth clause of the will? He receives
nothing under the third for the reason that the land was

1. WILLS: ad-        conveyed by the testator before his death to
vancements.        his (Norman's) wife. It is not a case for ap-
plication of the doctrine of advancement to one of the heirs,
for the reason that it is not a case of intestacy. *Gilmore v.
Jenkins,* 129 Iowa, 686; *In re Lyons,* 70 Iowa, 375; *Mc-
Cormick v. Hanks,* 105 Iowa, 639; *Spaan v. Anderson,* 115
Iowa, 121.

The only theory upon which the ruling of the trial
court can be sustained is that by the deed to Margaret there
was an ademption or satisfaction of the devise. Defend-

2. CONVEYANCE OF        ant's counsel contend that the doctrine of
PROPERTY        ademption does not apply to real estate; and
DEVISED:
satisfaction.        that, if it does, it has no application where
the conveyance is to some one other than the devisee, no
matter how close the relationship. The doctrine of ademp-
tion, strictly speaking, applies only to personal property or
to legacies; and a conveyance by a testator of real estate
which he had already devised works a revocation rather

than an ademption. *Hattersley v. Bissett,* 51 N. J. Eq. 97
(29 Atl. 187, 40 Am. St. Rep. 532). But it seems ·there
may be a satisfaction as distinguished from an ademption
of legacies in order that one may not receive a double por-
tion of the estate of an ancestor. Conceding *arguendo* that
this rule applies to devisees of real estate, yet the convey-
ance must be to one standing *in loco parentis* and to the iden-
tical person named as devisee or legatee in the will. A vol-
untary conveyance or gift to the husband or wife of the dev-
isee or legatee is not a satisfaction of the bequest or devise.
*Hart v. Johnson,* 81 Ga. 734 (8 S. E. 73); *In re Lyon,*
70 Iowa, 375; *Decrow v. Moody,* 73 Me. 100; *Marquise de
Portes v. Hurlburt,* 44 N. J. Eq. 517 (14 Atl. 891);
*Kennedy v. Badgett,* 26 S. C. 591 (2 S. E. 574). Of
course, where testator conveys land already devised by him,
the devise is adeemed, or, as some cases put it, there is a
revocation of the will in so far as the specific devise is con-
cerned. But the will still stands, and there is no satisfac-
tion unless the conveyance be to the devisee. See cases
hitherto cited. These rules are so well settled that there
is hardly a discordant note in the authorities regarding them.
See as further sustaining them, *Burnham v. Comfort,* 108
N. Y. 535 (15 N. E. 710, 2 Am. St. Rep. 462); *Rains v.
Hays,* 6 Lea 303 (40 Am. Rep. 39); *In re Miller's Will,*
128 Iowa, 612; *Davis v. Close,* 104 Iowa, 261. When the
real estate specifically devised to Norman Hall was removed
from the operation of the will by the conveyance to Mar-
garet, the fourth paragraph of the will must be construed as
if there had been no specific devise to Norman. *Warren v.
Taylor,* 56 Iowa, 182.; *Ametrano v. Downs,* 170 N. Y. 388
(63 N. E. 340, 58 L. R. A. 719, 88 Am. St. Rep. 676);
*Emery v. Society,* 79 Me. 334 (9 Atl., 891·); *Morey v.
Sohier,* 63 N. H. 507 (3 Atl. 636, 56 Am. Rep. 538); *In re
Estate of Peet,* 79 Iowa, 185.

The conveyance to the wife of Norman was absolute,
and it is not permissible to impose a parol trust thereon for

the purpose of showing a satisfaction of the devise to Norman.

**3. PAROL TRUSTS.** Declarations of trust cannot be shown by parol. Testator did not stand in *loco parentis* to Margaret Hall, and Norman derived no such benefit from the conveyance to her as that the devise to him should be treated as satisfied by ademption. *Campbell v. Martin*, 87 Ind. 577. While many cases are cited by appellee's counsel, none of them run counter to the rules here announced. The trial court was in error in construing the will. Norman Hall is entitled to his share of the estate under the fourth paragraph of the will, as he never received any part of the specific devise.

The decree must therefore be reversed and the cause remanded for one in harmony with this opinion.

*Reversed* and *remanded*.