JOHN S. RAMSEY et al., Appellants, v. GEORGE RAMSEY et al., Appellees.

**WILLS:** Construction—Promissory Note as Satisfaction of Devise. A devise of real estate for the stated purpose of compensating the devisee for services rendered to the testator is not *satisfied* by the subsequent execution by testator of an ordinary promissory note to the devisee, making the same a charge on the lands devised, it appearing that the said note was never delivered to the devisee, and was executed with the idea that it would defeat the collection of an inheritance tax on the devise.

*Appeal from Poweshiek District Court.*—CHAS. A. DEWEY, Judge.

FEBRUARY 7, 1922.

ACTION in equity for the partition of real estate among the heirs of James Ramsey deceased. Judgment and decree was entered in favor of the defendants. Plaintiffs appeal.— *Affirmed.*

*Boyd & Boyd, Talbott & Talbott,* and *Frank Bechley,* for appellants.

*Thomas J. Bray* and *John E. Lake,* for appellees.

DE GRAFF, J.—This is an action in partition, but the controlling question involves the construction of the will of James Ramsey, deceased. Defendant George Ramsey and plaintiff John S. Ramsey are brothers of James Ramsey, deceased. Plaintiff Emma Hutchinson is his sister and defendant Ida Ramsey is his niece, and the duly appointed and acting executrix of his estate. James Ramsey died testate seized of the real estate in controversy. By the provisions of his will and codicil an-

nexed there was devised to Ida Ramsey a certain 120 acres of land (see description infra), reserving unto George Ramsey the net income from one half of said land for his use and support during his natural life.

By the terms of a later codicil the testator recited that the devise and bequest to his niece "were and are made for her as compensation to her for her service in the care of my home and in the care of me."

During the testator's lifetime he executed a promissory note in the sum of $17,000 payable on or before two years after date (June 6, 1919) to his niece Ida Ramsey and indorsed on the back thereof the following:

"As security for payment of the within note I do hereby pledge the NE¼ of the NW¼ and the S½ of the NW¼, all in Section 25, Twp., 79, north of Range 14 and agree that in case I do not pay this note that collection may be enforced from the above described real estate and that alone.

                                              His
"Witness to mark C. W. Clark.          James X Ramsey"
                                             Mark

This note was not delivered to Ida Ramsey but was placed in the custody of testator's attorney. Plaintiffs allege that this note was executed in satisfaction of the devise of James Ramsey to Ida and that the plaintiffs and the defendant George Ramsey are the owners of an undivided one third of the real estate so devised. Defendant Ida Ramsey in answer denies (1) that the testator executed and delivered to her the note in question (2) that said note was in satisfaction of the devise to her and (3) that she accepted said note or that she has any lien on the real estate devised by virtue thereof.

It appears from the testimony that the testator executed this note for the purpose of saving his niece the payment of the tax that would be due and payable by a collateral heir. The fair preponderance of the evidence establishes that this note was never delivered to Ida Ramsey although she may have had knowledge that it had been executed.

If the execution of this note constitutes an abandonment of the provisions of the will as to Ida Ramsey then the note must necessarily be viewed as testamentary in character. It was not

executed in compliance with the statute of wills and must therefore fail as a testamentary document. Under the statute it did not convey anything of value to Ida Ramsey. She never accepted the instrument and it was not in fact delivered to her in her individual capacity. Nor does this case present or involve the doctrine of ademption or satisfaction.

If a testator intends to alter or change his will he must do so with the same solemnity as in the making thereof. *Gay v. Gay*, 60 Iowa 415. Had the testator executed and delivered a mortgage on the real estate devised it would not have constituted a revocation of the will. *Stubbs v. Houston*, 33 Ala. 555. The intent of the testator in the execution of the note was to save this real estate to the devisee without obligation to pay a collateral inheritance tax. In this he failed.

We do not deem it necessary to review the cases involving the doctrine of ademption and satisfaction. See *In re Estate of Hall*, 132 Iowa 664; *In re Estate of Brown*, 139 Iowa 219; *Burnham v. Comfort*, 108 N. Y. 535 (15 N. E. 710).

The testator died seized of a small acreage tract which was not mentioned or devised in his will. The trial court held that this parcel of real estate was subject to the payment of the debts of the decedent. The ruling on this proposition is clearly correct. The decree entered by the trial court is therefore— *Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.