Anthony P. Savarese, S.
The instrument propounded here has 19 paragraphs. It is dated the 14th day of April, 1953, and is alleged to have been executed by the testatrix in the presence of three attesting witnesses. Objections were interposed to probate by her brother upon several grounds, one of which was that the instrument was cancelled, obliterated, destroyed, and revoked by the testatrix. The issue of revoca *807 tion was heard by the Surrogate without a jury. Upon the hearing the parties stipulated that the testimony of the attesting witness and the proponent given before trial be received and considered by the Surrogate without the necessity of having them testify again herein. The contestant put in evidence a letter written by the testatrix under date of “ May 21/56 ”, which she mailed to and was received by her named executor and attorney. Enclosed with her letter was her executed will upon which she had drawn diagonal intersecting lines through 12 paragraphs commencing with paragraph “ Fourth ” and ending with paragraph “ Fifteenth ”. In her letter testatrix wrote “ I am making out a new Will, sending you, my Will: everything that is crossed off will not be in new will.” She also made mention therein of arrangements for her burial, that her brother was to be executor of her will and that, among other things, she had disposed of her house furnishings, jewelry of her deceased husband and other personal effects. There is no question that testatrix intended to make another will and alter the dispositions she had previously made. The attorney testified that he received the letter on the morning of May 22, 1956, and a telephone call around noon of the same day that testatrix was ill and in a hospital. He further testified that he prepared a new will in accordance with his client’s instructions, and that about 1:30 in the afternoon of the same day he received a telephone call from a Mrs. Dietz that testatrix had passed away. The revised instrument was never executed by her.
Section 34 of the Decedent Estate Law provides the manner in which a will can be revoked. A will cannot be revoked except as prescribed by the statute. (Lovell v. Quitman, 88 N. Y. 377; Burnham v. Comfort, 108 N. Y. 535.) While testatrix intended to change her will, the crossing out of the paragraphs mentioned and in the manner indicated was ineffective to accomplish a revocation thereof. What she did constituted no more than an attempted alteration which, being unsigned and unwitnessed, can be given no effect. (Matter of Tremain, 282 N. Y. 485.) Since contestant completely failed to establish a valid revocation, his objection must be dismissed. The remaining issues will be tried before the Surrogate and a jury at the January, 1957 Term. Proceed accordingly.