### CORRIELL v. BRONSON.

Where in an application for dower in two parcels of land, the court, by agreement of the parties, ordered that dower for both lots of land "be assigned out of one, (specifying it), but according to the value of the lots;" and where the referees assigned the whole of one lot, as the dower in both lots; and where the defendant excepted to the report of the referees, on the ground that the referees could not award two-thirds of one lot as the dower interest in the other lot; *Held*, That the defendant was concluded by his agreement from making the objection.

Where exceptions were taken to the report of referees appointed to assign dower, on the ground that the value of the claimant's dower should have been ascertained by reference to the value of the premises at the time of the alienation by the husband; and where there was nothing in the report of the referees to show, whether they valued the lots at the time of the alienation, at the time of the husband's death, or at the time of the assignment of dower; *Held* That it did not appear affirmatively that an improper value was adopted.

The word "value," in section 1294 of the Code, in relation to dower, was intended to provide for the assignment of dower according to the worth or value of the real estate, instead of the extent or quantity thereof.

Where a widow brings her suit to recover dower in two distinct parcels of land, and where the parties agree that it may be assigned entirely from one of the parcels, it is not necessary that the referees should state in their report the value of each, or either parcel of land.

*Appeal from the Dubuque District Court.*

WEDNESDAY, OCTOBER 13.

Petition for dower in lots 205 and 375, in the city of

Dubuque. Petitioner was adjudged entitled to recover, and commissioners were appointed to assign the same. And it appearing that valuable improvements had been made on one of said lots, subsequent to the alienation thereof by the husband of petitioner, it was ordered that the commissioners make the assignment without including the said improvements. The parties agreeing thereto, it was ordered that "dower for both lots be assigned out of lot 375, (it not being improved), but according to the value of the lots." The commissioners thus appointed, made the following report: "We, the commissioners, have set off to Mrs. Charlotte Corriell, the whole of lot 375 in the city of Dubuque, Iowa, as her dower in lots 205 and 375, in said city, in pursuance of, and in accordance with, the said commission." This report was signed and sworn to by a majority of the commissioners, and duly filed. The petitioner moved to confirm the report, and the defendant filed his exceptions. The exceptions were overruled, the report confirmed, and judgment accordingly. Defendant appeals.

*Burt, Barker & Pierce,* for the appellant.

I. The statute requires the executor to set aside one-third in value of the real estate of which the husband died seized, during coverture, and in which the wife has not relinquished her rights, for the widow's dower. The appointment of referees, or commissioners, is only for the purpose of ascertaining the value, either in kind or money, as the circumstances of the case may require. The referees simply furnish a data for the court to base its instructions upon to the executor, in the performance of his duty under the statute.

II. The referees erred in setting aside the whole of lot 375, as dower in said lot, and in lot 205. The parties having stipulated that the whole dower should be allotted from lot 375, at most but two-thirds of that lot could be taken for the widow's dower.

III.    The dower should have been awarded according to the value of the real estate, at the time of alienation by the husband, excluding improvements made by the purchaser.    The statute declares dower shall be as at common law.    The rule at common law, and under a statute of similar phraseology to that of ours, is clearly established by the following authorities:    *Humphreys* v. *Phinney*, 2 Johnson, 484; *Dorchester* v. *Coventry*, 11 Ib., 510; *Shaw* v. *White*, 13 Ib., 179; *Hale* v. *James*, 6 Johns. Ch., 258.

IV.    The report of the referees should show value, quantity, and time when the property was valued—and whether the improvements were included or excluded—in order that the court can see that the law has been complied with.

*S. P. Adams*, for the appellee, cited *Powell* v. *Munson*, 3 Mason, 347; 4 Kent Com., 68; *Summers* v. *Bebb*, 13 Ill., 483.

Wright, C. J.—The exceptions to the report of the commissioners, for convenience, may be considered under three heads.    *First:* It is claimed that the commissioners should have reported the value of the widow's dower in the two lots, and in each lot.    *Second:* That the value of the claimant's dower should have been ascertained, by reference to the value of the premises at the time of the alienation by the husband.    *Third:* That they could not award two-thirds of lot 375, as the dower interest in lot 205.

We shall consider these objections in the inverse order of their statement.

It seems to us that the defendant is concluded from making the third objection, by his agreement made in open court, at the time the commissioners were appointed. It was then expressly agreed that her dower in both lots should be taken from 375.    And this was to be ascertained by reference to the value of the lots, without considering the improvements upon lot 205. If, under this agreement,

these commissioners concluded that lot 375 was only one-half as valuable as the other, we can see no reason why they should not give the whole of it to the claimant as her dower right in both lots. Thus, if one was worth $300, and the other $600, as they were by agreement to give her one-third of the aggregate amount, ($900), from the lot of the least value, it would exhaust the whole of that lot. And we can only presume that the commissioners thus found. In the absence of any contrary showing, we can only suppose that these lots had this relative value ; and that, therefore, the commissioners acted in strict accordance with their instructions and the agreement of the parties.

As to the second objection, we can only say, that if the position of the defendant be correct, there is nothing to show that the commissioners did not ascertain the dower of claimant, by reference to the value of the premises at the time of the sale by the husband. The record leaves us without any information upon this subject. Whether they valued the lots at the time of the alienation, at the time of the husband's death, or at the time of the assignment, we have no means of knowing. If the defendant desired to present this question, he should, by requiring the commissioners to report specifically upon this subject, or in some way, had the basis of their action, or the value taken by them, brought before the court. As the case stands, we cannot presume that they acted with reference to one time rather than another. We can, from this record, as well assume that they adopted the rule contended for by defendant, as that they adopted either of the other two. And therefore, without considering which would be the correct rule, we only determine that it does not affirmatively appear that an improper one was adopted.

The first objection, however, is the one mainly relied upon to reverse the case. And this we cannot think to be well taken. It is true, that the law provides that one-third in value, of all the real estate, shall be set apart to the widow. But the word " value," as here used, as we

Corriell v. Bronson.

understand it, was intended to provide for the assignment of dower according to the worth or value of the real estate, instead of the extent or quantity thereof. But where, as in this case, the widow brings her suit to recover dower in two distinct parcels of land; and where the parties agree that it may be assigned entirely from one of the parcels, we can see no reason for requiring that the value of each, or either, should be returned. Such a return of value would not vitiate the report, but it certainly was not necessary. The agreement of the parties shows most conclusively, that her dower right in these lots was to be marked off by metes and bounds, if it should become necessary, but it was to be taken from one of the lots. If they contemplated that the value of her claim in these lots was to be reported, and afterwards her dower was to be set apart by the executor, then the agreement that the dower should be assigned out of one of the lots, it seems to us, would be without meaning or force.

But the law, we think, contemplates primarily, that the property itself shall be divided by the referees, but that if this cannot be readily done, then it may be sold, and she is to have the value of her dower in money, instead of in land. This is shown from several considerations, among which may be mentioned the following: Her dower is to be set apart, and so set off, as to include the ordinary dwelling house, and the land given by law to the husband as a homestead, or so much thereof, as may be equal to her dower, unless she prefers a different arrangement. This share may be set off by the mutual consent of all the parties interested, or by referees. The application is to be made for the admeasurement by the referees, by the widow, and they may employ a surveyor, and cause her share to be marked off by metes and bounds. If their report is confirmed, and not appealed from, she may bring suit to obtain the possession of the land thus set apart to her. See sections 1394-9 and 1402 of the Code. And when the extent of her dower is ascertained, either by the consent of the parties interested, or by the action and re-

port of the referees, she is entitled to it—to the specific property—and not to its value out of the general estate, unless she voluntarily assents to such an arrangement. As before stated, the referees may, if they deem it proper, (and it perhaps would be advisable in every case), report the value of each tract of land, for in this method the correctness of these proceedings would be more readily shown. If they do not, however, we cannot think that their report should be set aside, unless it should be made to appear that they had given the widow more or less in value than her proper share. As already stated, this is not shown in this case.

It is proper to say, in conclusion, that we have considered the case, with reference to the provisions of the Code on the subject of dower, for the reason that the parties have so treated it, and doubtless properly, under the facts, all of which are not before us.

Judgment affirmed.