RICHARDS v. THE IOWA HOMESTEAD CO.

LUMPKIN v. THE SAME.

TOD v. THE SAME.

1. **Conveyance**: WARRANTY: DAMAGES. One holding lands under a deed of warranty may at his peril acquire a paramount title in defense of his possession, and may recover of his grantor upon the covenants of his deed. The measure of recovery is the damage actually sustained, not exceeding in amount the consideration in the deed upon which the action is brought.

*Appeal from Webster Circuit Court.*

TUESDAY, OCTOBER 17.

THESE are actions upon warranty deeds for the breaches of covenants therein contained. There were verdicts and judgments in all the cases for plaintiffs. The defendant in each appeals. Similar facts and the same questions of law are presented in each case.

*Clark & Moulton* and *John Doud*, for appellant.

*Geo. Richards, J. D. Springer* and *W. H. Johnson*, for appellees.

BECK, J.—These cases, presenting substantially the same facts and the same questions of law, were submitted together and will be disposed of in that way.

The several deeds, upon which the actions are respectively founded are in the form of conveyances commonly used in this State. The only covenant therein binds the grantor " to warrant and defend the title against all persons whomsoever," which implies all the usual covenants in deeds of conveyance in fee simple. *Van Wagner v. Van Nostrand*, 19 Iowa, 422.

In each case, the court instructed the jury that, under the evidence, the plaintiff was entitled to recover the consideration actually paid by him to the defendant for the land, with interest. Upon the trials defendant offered to introduce evi-

dence showing the sums paid by the plaintiff in each case to acquire the paramount title to the land, it being shown that each plaintiff had acquired such title. The evidence was excluded, the court holding that the measure of damages was determined by the rule announced in the instruction just referred to. The only question presented·in the cases involves the correctness of this rule of damages.

The defendant acquired title to the lands in question under the Dubuque & Sioux City Railroad Company, which claimed them under a grant of Congress. The paramount title is based upon the Des Moines River Grant, under which the Des Moines Valley Railroad Company finally acquired the land, the Supreme Court of the United States holding that the title passed under the last named grant. *Wolcott v. Des Moines Co.* 5 Wallace, 681. The history of the conflicting claims under these grants is familiar to the profession of this State, and need not be further referred to in this opinion. The evidence in these cases established the fact that the plaintiffs had acquired, after their purchases from defendant and entry thereunder upon the lands, the paramount title under the Des Moines River grant.

One holding lands under a deed of warranty may, at his peril, acquire a paramount title in defense of his possession,

1. CONVEY-ANCE: war-ranty: damages.

and in a proper action recover of the grantor in such deed upon his covenants therein. *Thomas v. Stickle*, 32 Iowa, 71. The right of recovery in such a case is limited to the amount of damage actually sustained by the grantee, which the authorities hold is the sum paid for the paramount title, not exceeding the consideration of the deed upon which the action is brought. See Rawle on Covenants for Title, 280–4, and notes; *Galloway v. Finley*, 12 Pet., 294. The rule has been recognized by this court. *Brandt v. Foster*, 5 Iowa, 287; *Bailey v. Corbett*, 28 Id., 317.

Plaintiffs' counsel claim that the rule is only applicable to the case where the title to a part of the land covered by the deed failed, or when, for some other reason, the covenant of seizin is not wholly broken. But if there be a total failure of title and a total breach of the covenant, the measure of dam-

ages, though the grantee has bought in the paramount title, is the consideration paid for the land, with interest.

The answer to this position may be brief. As we have seen, the grantee may protect his possession by the purchase of the paramount title, and this is constructive eviction, which will enable him to recover upon the covenant of the deed. *Thomas v. Stickle, supra;* Rawle on Covenants for Title, 281. The law will render him compensation in damages for the loss he has sustained by eviction. It will give him nothing more than compensation. That loss is the sum he paid for the paramount title. To the extent of the consideration paid for the land, which is the limit of the grantor's liability on his covenant, he may recover his loss in a proper action.

The rule of law followed by the court below in the exclusion of the evidence offered, and in the instruction given to the jury, is erroneous.

The judgment in each case is, therefore,

R<span style="font-variant:small-caps">EVERSED</span>.