### MONTGOMERY v. HORN ET AL.

1. **Dower:** ASSIGNMENT OF. Where the husband dies seized of several distinct parcels of land, the widow may have her distributive share assigned in a body.

*Appeal from Delaware Circuit Court.*

THURSDAY, JUNE 14.

THE plaintiff brings this action for assignment of her distributive share in the real estate of her late husband. At the time of his decease, in August, 1875, plaintiff's husband was seized of eight separate parcels of land in Delaware county, three separate parcels in Fayette county, and four separate parcels in Clayton county.

The referees aggregated the entire value of all the lands, and set apart to plaintiff the one-third part in value thereof, taking her share out of three of the fifteen separate tracts owned by the decedent. Out of the one hundred and twenty acres on which was decedent's home, appraised at $5,400, they set apart to plaintiff eighty acres, valued at $4,000, out of another eighty acre tract valued at $1,120 they gave her the one-half in value; and they gave her the whole of a forty valued at $280.

The defendants filed exceptions to the report. The court

overruled the exceptions and confirmed plaintiff's share as assigned by the referees.   Defendants appeal.

*George Wattson*, for appellants.

*A. S. Blair* with *William Porter*, for the appellee.

DAY, CH. J.—Defendants contend that it was not competent to aggregate the value of all the lands of which decedent died seized, and assign the widow's share from one or more of them, but that she must take the one-third part in value of each of the fifteen separate parcels of land owned by her husband at his death. The common law dower does not exist in this state.   Our statute provides that: "One-third in value of all the legal or equitable estates in real property, possessed by the husband at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him."   Code, section 2440. "The distributive share of the widow shall be so set off as to include the ordinary dwelling house given by law to the homestead, or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement.   But no different arrangement shall be permitted where it would have the effect of prejudicing creditors."   Section 2441.   Whatever may be the rule at common law, we are satisfied that, under our statute, where the husband dies seized of several distinct parcels of land, the widow may have her distributive share assigned in a body.   Suppose the husband dies seized of three separate forty acre tracts of land of equal value, one of which is his homestead.   Under section 2441 of the Code, it is clear that the widow may take the whole of the homestead as her distributive share, and she must accept the homestead if any different arrangement would prejudice the rights of creditors.   The rule contended for by appellants would be exceedingly inconvenient, and in many cases very prejudicial to all parties.   It is conceded that the deceased owned fifteen separate parcels of land.   Suppose these sepa-

*Margin note: 1. DOWER: assignment of.*

rate parcels to consist of forty-acre tracts of equal value. Then, instead of being permitted to take five of these forties, the widow must take thirteen and one-third acres out of each of the fifteen. It is apparent that this would very much depreciate the value of the whole property, and that the division could ordinarily be effected only by selling the whole. Our statute does not contemplate such a procedure. The case of *O'Ferrall v. Simplot*, 4 Iowa, 381, arose under a different statute. Besides, the lands in which dower was claimed had been alienated to different parties, and the court simply held that the widow could not, without her consent, be compelled to accept dower from one tract. We are satisfied that the widow's distributive share was properly assigned in this case.

AFFIRMED.