JONES v. JONES ET AL.

1. **Dower:** HOW ASSIGNED. Where an estate consists of several tracts, it is proper to assign to the widow, as her distributive share, so much of one or more tracts as will constitute one-third in value of the whole.

2. ————: ————: REFEREES. Section 2443 of the Code contemplates the appointment of more than one referee, and where more than one is appointed, and only one of them participates in the appraisement of the property, the assignment may be set aside upon a slighter showing of prejudice than if the appraisement had been made by all.

*Appeal from Polk Circuit Court.*

MONDAY, DECEMBER 10.

ACTION to assign a widow's distributive share in real estate. The plaintiff is the widow of one J. W. Jones, who died intestate, leaving real estate in the counties of Polk, Dallas, Webster and Warren, his homestead at the time of his decease being in Polk county. Three referees were appointed to make the assignment, all of whom were residents of the city of Des Moines. In their report they say " that, after a careful examination and appraisal of the real estate as described in the order of appointment, they assigned and set off to the plaintiff, Amelia Jones, as a fair and just one-third in value of said real

estate, the following described tract of land in the city of Des Moines, described as lot four of the Pursley estate, in the S E ¼ of section 5, town 78, range 24."

To the report the defendant, Mrs. R. J. Rickey, one of the heirs of the said J. W. Jones, deceased, filed exceptions as follows:

" 1. The referees should have assigned dower in each tract of land severally, and not in one tract for all the tracts of land embraced in the estate.

" 2. The referees did not personally examine the lands, or value the same on personal inspection, or by taking competent evidence of their quantity, kind and value, but acted upon the unsworn statements and recommendations of parties in the absence of defendants, and in the absence of knowledge on their part as referees of the value of the premises from which they assigned dower to the plaintiff.

" 3. The referees have appraised the real estate set apart to the plaintiff as dower several thousand dollars less than it is worth, and appraised the other lands of the estate at much larger rates than they are worth, to the great detriment of the heirs, and to the advantage of the plaintiff."

The evidence shows that the real estate in Webster county, and a part of the real estate in Warren county were inspected by neither of the referees, but there is no evidence tending to show that it was over valued. A certain farm in Warren county was inspected by one referee, and only one, and evidence was introduced tending to show that that property was over valued. The court overruled the exceptions to the report, and the defendant, Mrs. Rickey, appeals.

*C. C. Cole*, for appellant.

*Nourse & Kauffman*, for appellee.

Adams, J.—I. Where an estate consists of several tracts, it is proper to assign to the widow, as her distributive share,

1. DOWER: how assigned.    so much of one or more tracts as will constitute one-third in value of the whole. We so held in *Montgomery v. Horn*, 46 Iowa, 285, and after a careful con-

si'deration of the arguments now presented against such rule we are satisfied that it is correct.

II. The Code provides, Section 2443, that the widow's share may be set out by referees appointed by the court. It will be seen that the statute contemplates that there shall be more than one. The widow's share, then, should not be set out by one. It seems clear that it should be done as the concurrent judgment of more than one, and, whatever number may be appointed, it would be better that the judgments of all should concur. If the share is set out upon the judgment of only one, the proceedings, to say the least, are not entitled to the same respect to which they would otherwise be.

*2. —— : —— : referees.*

In this case three referees were appointed. Had they all inspected all the real estate, there would be a strong presumption that their concurring judgment in regard to its value was correct. Their appointment was made, we must presume, after notice to the parties interested. They were selected, we must presume, with reference to their especial fitness for the duty assigned. If the duty had been discharged in the manner which the statute contemplates, their report should be set aside only upon strong evidence that injustice had been done.

As it is, it does not appear that more than one referee examined the Warren county farm. However competent he might be to appraise it, his judgment at best is but the judgment of one man; and, upon looking into the evidence, it appears to us that there is great reason to apprehend that he made a mistake. He appraised the farm at thirty dollars per acre. Four witnesses were introduced, whose average estimate is about twenty dollars per acre. The estimate of the referee cannot be said to be sustained by any witness. One Wright, to be sure, brother of the widow, was introduced, and testified that, as lands were rated in that neighborhood, the farm in question would be worth forty dollars an acre, but he does not say that in his judgment the land was worth what it was rated at. One Buxton was introduced, who testified that he once owned the farm, and used to think when he owned it that it was worth thirty dollars per acre. He does not say that in his judgment

now it was worth that then, and, what is of more importance, he expresses no opinion as to its value at the time the widow's share was set out. Indeed, he says that he has never seen it since he sold it.

We think that the referee's report must be set aside, and new referees appointed.

REVERSED.