OF THE

## STATE OF IOWA

AT

## JANUARY AND MAY TERMS, 1910.

AND IN THE SIXTY-FOURTH YEAR OF THE STATE.

---

EMILY M. RICE ET AL., Appellants, v. W. I. RICE ET AL., Appellees.

**Dower:** ASSIGNMENT FROM A PORTION OF THE ESTATE. The dower interest of a widow in the estate of her deceased husband may be assigned to her from so much· of one or more of the tracts of land as equals one-third in value of the entire estate, where her interest in the estate will not thereby be prejudiced.

**Wills:** SATISFACTION OF DEVISE BY SUBSEQUENT CONVEYANCE: ASSIGNMENT OF DOWER. The conveyance to devisees by general warranty of lands theretofore devised to them is a satisfaction of the bequests, and the property passes to them under the conveyances rather than by the will, even though made by way of gift, subject only to the right of the widow's share therein; provided the same can not be assigned to her from the remaining estate lands without prejudice to her rights. And where it is made to

VOL. 147 IA.—1.

appear that the widow can, without prejudice, take her share out of the remaining lands, she will be required to do so.

**Rights of widow:** WAIVER OF HOMESTEAD RIGHT: ASSIGNMENT OF DOWER: STATUTE. The primary intent of the statute relating to the assignment of dower is to protect the widow by allowing her to continue in the use and occupancy of the homestead if she so desires, but she may waive this right and take her distributive share of the property, not including the dwelling house given by law to the homestead. She does not, however, have the right to absolutely dictate that portion which shall be set off to her regardless of the rights of others, that question being for final determination by the court, but she may indicate the arrangements which she prefers.

**Assignment of dower:** APPORTIONMENT IN KIND: SALE OF PROPERTY. Where it appears that the widow can properly be required to take her distributive share from lands of the estate not conveyed by the testator to certain heirs in satisfaction of bequests to them, but that such remaining lands can not equitably be apportioned in kind between the widow and the other heirs, the court instead of making a division of the property in kind should order a sale of the same, in whole or in part, as the best interests of the parties require.
Deemer, C. J., and Sherwin, J., dissenting.

*Appeal from Mahaska District Court.*—Hon. B. W. Preston and Hon. W. G. Clements, Judges.

Saturday, April 9, 1910.'

Suit in equity for the partition of four hundred and sixty-four acres of land. There was a decree from which plaintiffs appeal.—*Reversed* and *remanded.*

*John F. & Wm. R. Lacey,* for appellants.

*W. H. Keating, Bolton & Bolton,* and *Bowen & Alberson,* for appellees.

Evans, J.—This is an action for the partition of real estate formerly belonging to Wm. H. H. Rice. It was

brought by his widow, Emily M. Rice, and her son, A. L. Rice; but she has died since the case was decided in the district court, and her son and administrator, A. L. Rice, has been substituted as plaintiff. In 1889 Wm. H. H. Rice made a will, by the terms of which he devised to his wife, Emily M. Rice, one-third of all the real estate of which he might died seised in lieu of her statutory share therein. In the seventh clause of said will he bequeathed to his daughter, Mrs. Ella J. Cochran, eighty acres of land "free from any lien or indebtedness whatever," and by the eighth clause of said will he bequeathed to his son Wm. I. Rice another eighty acres of land "free from any lien or incumbrance whatever." Both of these tracts of land were specifically described, and together they constituted the tract spoken of in the record as the one hundred and fifty-nine acres lying south of the east and west road." At the time the will was made, and at the time of the testator's death, he also owned what was known as the "homestead farm," consisting of two hundred and forty-four acres just north of the road in question, and separated from the one-hundred-and-fifty-nine-acre tract by such road. The tenth clause of the will was as follows: "I hereby give and bequeath all the rest and residue of my estate, both real and personal not heretofore bequeathed, to my said children, Mrs. Ella J. Cochran, Wm. I. Rice, and Abraham L. Rice, in equal shares, hereby intending to vest in my last-named children share and share alike, all the rest and residue of my estate in fee simple absolutely not heretofore conveyed to my legatee." Ella J. Cochran and Wm. I. Rice were children by a former wife, while Abraham L. Rice was his son by his then wife, Emily M. Rice. In the twelfth clause of the will this was said: "My beloved son Abraham L. Rice being the only son of my wife Emily M. Rice and the heir to the estate by me hereby bequeathed to her is the reason why I make no further provision for him

than I have in this my last will and testament." No change was ever made in this will, but on the 19th of March, 1900, the testator executed and delivered to Ella J. Cochran and Wm. I. Rice separate warranty deeds, conveying to each of them the specific land that was bequeathed to them by the seventh and eighth clauses of his will. On the same day that these two conveyances were made, Ella J. Cochran and her husband conveyed by warranty deed to Wm. I. Rice the eighty that had just been conveyed to her by her father. In December, 1892, Wm. H. H. Rice executed and delivered to Wm. I. Rice a writing wherein he referred to his will of 1889 and the bequest of the eighty acres therein described to Wm. I. Rice, and agreed that, in case the purpose of his will was not so carried out as to give Wm. I. Rice the eighty devised to him, the value of the improvements placed thereon by said son was to be a claim against his estate, and it was further said therein: "But if said W. I. Rice receive said land by bequest as contemplated and intended and provided in my said will then this agreement shall become void and of no effect either in law or equity." The wife, Emily M. Rice, did not join in the deeds from her husband to Ella J. Cochran and Wm. I. Rice; and it is conceded that she retained her statutory interest in the land at the time suit was brought, she having declined to take under the will. The widow's share in the two tracts named were set apart from the two-hundred and forty-four-acre tract and included the buildings, and, by taking her interest in the one-hundred and fifty-nine-acre tract from the two-hundred and forty-four-acre tract, two-thirds of the residue of which was given to A. L. and W. I. Rice and Mrs. Cochran by the will, A. L. Rice was compelled to contribute to the satisfaction of the widow's interest in the one-hundred and fifty-nine-acre tract.

The appellants claim that the widow had the right to take her statutory interest in the one-hundred and fifty-

nine-acre tract from that tract, and that the same should be set apart to her without reference to her interest in the land north of the road; but, if that is not done, that her share of the one hundred and fifty-nine acres should be charged against only the interests of Wm. I. Rice and Ella J. Cochran in the two-hundred and forty-four-acre tract.

At common law it was the general rule that the widow was entitled to have her dower assigned in the several parcels in which she held the same, and the only exception to this rule was made in specific instances when the husband died seised; and in *O'Ferrall v. Simplot,* 4 Iowa, 381, we held that, when the husband had conveyed one of several parcels to which dower attached, the widow could not be compelled to take from one parcel alone. The decision in that case rests largely upon the thought that the widow should not be required to take in such way as to endanger her interest, and such is undoubtedly the law; but in subsequent cases this court held that the widow's interest might be assigned in one tract, when it could be done without injury to such interest. *Montgomery v. Horn,* 46 Iowa, 286; *Jones v. Jones,* 47 Iowa, 338. It is true that in both of the cases just referred to the husband died seised of the several tracts; but, as the statute (Code, section 3366) provides that "one-third in value" shall be set apart to the widow, we see no reason why the interest in several tracts may not be assigned from so much of one or more tracts as will in fact constitute one-third in value of the whole. If this can be done without in any way diminishing the estate of the widow, she surely can not complain.

II. That Ella J. Cochran and W. I. Rice acquired title to the land described in the seventh and eighth clauses of the will by conveyance, and not through the will, can not be questioned. The execution of the deeds

*1. DOWER: assignment from a portion of the estate.*

constituted a satisfaction of the will, and thereafter there was no property to pass under said clauses. *Hall v. Hall,* 132 Iowa, 664; *In re Will of Miller,* 128 Iowa, 612; *Davis v. Close,* 104 Iowa, 261. This is in accord with the contention of appellants, and is conceded

2. WILLS: satisfaction of devise by subsequent conveyance: assignment of dower.

by appellees. We are therefore relieved of the necessity of construing paragraphs seven and eight of the will. We see no way, however, to avoid giving effect to these conveyances strictly in accord with their terms. They were warranty deeds with full covenants. So far as the estate itself and the beneficiaries of the will are concerned, these deeds carried to the grantees the full and complete title to the tracts therein described. Only the widow can ignore them. And she is in no position to do so if her "one-third in value" can be set apart without prejudice to her in the remaining real estate owned by the decedent at the time of his death. The devisees of the will can stand in no better position than the testator himself occupied after making such conveyances. If the warranty deeds were complete and binding as to him, they are clearly so as to his devisees. It is argued that the remedy of grantees would be an action for damages for breach of covenants, and that they could recover therein only nominal damages, because the deeds were executed as a gift of the land. But the grantees are not bound to resort to an action for damages. We see no ground for holding that they may not maintain their possession and ownership under their deeds and in accordance with the terms thereof, subject only to the contingency that the widow might resort to the conveyed lands if necessary to the protection of her rights. Surely, if the grantees were purchasers for value, equity would protect them in their purchase to the extent that it would require the widow to take her one-third value in the remaining lands if it could be done without prejudice to her. We see no logical way

of escape from applying the same rule, even though the conveyances were intended by the grantor as completed gifts.    Even then the form of the conveyance must be considered as evincing the intent of the testator that the widow's share should be taken in the remaining lands, if possible.    The devisees of the estate are in no position to ignore the deeds.   We must hold, therefore, that the grantees in the deeds in question as between them and their grantor, and as between them and his estate and its beneficiaries, took full title in accord with the terms of the instruments.   It being made to appear, also, that the widow can take her share out of the remaining lands without prejudice to her, it follows that she must be required to do so.    This was the result reached by the trial court at this point, although reached by a different course.

The question has been argued whether the devise contained in the tenth clause of the will was a specific devise.    The question is a debatable one, but, in the view we take of the case, we have no occasion to determine it. Even if it should be regarded as a specific devise, it could not change the effect of the warranty deeds referred to. We hold that the residue of the two hundred and forty-four acres over and above the widow's full dower interest carved therefrom should be equally divided among the three children, and this was the finding of the trial court as above indicated.

III.    Land was set apart to the widow upon which was situated the dwelling house given by law to the homestead.    Of this complaint is made; the appellants contending that, under the provisions of section 3367 of the Code, she had the right to elect what land should be assigned to her, inasmuch as there were no debts of the decedent. The section in question is as follows: "The distributive share of the survivor shall be set off so as to include the ordinary dwelling house given by law to

3. RIGHTS OF WIDOW: waiver of homestead right: assignment of dower: statute.

the homestead, or so much thereof as will be equal to the share allotted to her by the last section unless she prefers a different arrangement, but no such arrangement shall be permitted unless there be sufficient property remaining to pay the debts of the decedents." The primary intent of this section is to protect and favor the widow to the extent of allowing her to continue in the use and occupancy of the homestead if she so desires; but she may waive this right, and, if she does so, the statute under consideration clearly gives her the right to take her share from a portion of the property which does not include the dwelling house given by law to the homestead. It does not in our judgment, however, permit her to dictate absolutely the different arrangement or to arbitrarily name the particular portion that shall be set off to her regardless of the other interests. She may, of course, indicate the arrangement that she prefers, but the final determination of the question rests with the court. *Wright v. Breckenridge,* 125 Iowa, 197; *Edinger v. Bain,* 125 Iowa, 391. There was error in compelling the widow to take a share which included the dwelling house.

It is urged by appellee that it was impossible to make an equitable division in kind of the two hundred and forty-four acres without including the dwelling house in the

4. ASSIGNMENT OF DOWER: apportionment in kind: sale of property.

share of the widow. It is true that the evidence tends to show that the improvements in question were adapted in size to the use of the farm of two hundred and forty-four acres. It appears, also, from the testimony that, if the widow's full share is awarded to her in kind outside of the dwelling house and its appurtenances, it would only leave fifty or sixty acres with the dwelling house to be divided among the three residuary legatees. It is claimed that a division of that kind including the dwelling house would be impracticable between the three residuary devisees, because the dwelling would have to be included

in some share.  Manifestly this could not be done without reducing the acreage of such share, and the buildings could not have a normal value without a reasonable acreage of land appurtenant to them.  This argument appeals to us as a strong reason why none of the residuary devisees should be required to take the dwelling.  It furnished, also, a reasonable ground of objection by the widow against including the same in her share, although it would involve a less degree of hardship to her than to the others.  This argument does not furnish a sound reason why the widow should be compelled to take the dwelling house.  It does furnish a reason why the lower court should order a sale of the tract, either in whole or in part, in lieu of a partition in kind.  If a division in kind is not practicable without a sacrifice of value in the improvements, the lower court has full power to deal with the situation as it is, and to order a sale in whole or in part, as the best interests of the parties require.  This action is in partition, and our statutes on that subject are applicable thereto. For the error pointed out in requiring the widow to take the dwelling house, the decree of the trial court is reversed, and the cause is remanded, with full power to the trial court to deal with the case in harmony with this opinion, including the power to take further evidence if necessary, and to order a partition sale of the two hundred and forty-four acres if he be so advised.

*Reversed* and *remanded.*

SHERWIN, J.—I can not agree with the conclusion reached by the majority in the second division of the opinion.

DEEMER, C. J. (dissenting).—As I understand, the majority opinion holds that the widow is not required to take the dwelling house which is situated upon the two-hundred and forty-four-acre tract of land; but that she is required to take her distributive share out of the two

hundred and forty-four acres, thus relieving the one hundred and fifty-nine acres of any burden; and that by reason of the warranty deeds executed by the testator, his wife not joining therein, the grantees therein should not be held to contribute toward her distributive share taken out of the two hundred and forty-four acres. This conclusion is reached against the widow's consent, and is bottomed, if I understand the case correctly, largely upon the deeds executed by the testator to Ella J. Cochran and Wm. I. Rice. I can not agree to this conclusion.

Section 3270 of the Code provides: "Any person of full age and sound mind may dispose by will of all his property, subject to the rights of homestead and exemption created by law, and the distributive share in his estate given by law to the surviving spouse, except sufficient to pay his debts and expenses of administration." Section 3376 of the Code Supplement reads as follows: "The survivor's share can not be affected by any will of the spouse, unless consent thereto is given within six months after a copy thereof has been served upon the survivor by the other parties interested in the estate." Section 3366 of the Code reads: "One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during marriage, which have not been sold on execution or other judicial sale, and to which the wife had made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him." Section 3367 provides: "The distributive share of the survivor shall be set off so as to include the ordinary dwelling house given by law to the homestead, or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement; but no such arrangement shall be permitted unless there be sufficient property remaining to pay the debts of the decedents." Section 3369 provides: "The survivor's share may be set off by the mutual consent of all parties

in interest, or by referees appointed by the court or the judge thereof, the application therefor to be made in writing, after twenty days from the death of the intestate and within ten years, which application must describe the land in which the share is claimed, and pray the appointment of referees to set it off." Section 3375 provides: "If the referees report that the property or any part of it can not be readily divided, the court may order the whole sold and one-third of the proceeds paid over to the survivor, but no sale shall be made if any one interested gives security to the satisfaction of the court, conditioned to pay the survivor the appraised value of the share, with eight percent interest on the same, within such reasonable time as it may fix, not exceeding one year." Section 3378 reads as follows: "Subject to the rights and charges hereinbefore provided, the remaining estate of which the decedent dies seized shall, in the absence of a will, descend in equal shares to his children." And section 3279-a of the Code Supplement reads as follows: "All claims which it becomes necessary to satisfy, and all amounts necessary to be paid from the estate of a testator in disregard of or in opposition to the provisions of a will, shall be taken ratably from the interests of heirs, devisees, and legatees."

I think it clear from these sections that the widow is entitled to her distributive share in all real property possessed by the husband and at any time during the marriage and to which she had made no relinquishment of her right, and that the same should be set apart to her in fee simple; and it is also clear that no one can by will dispose of the right of homestead or distributive share given by law to the surviving spouse. The widow has the right to take the homestead in lieu of dower, and may have her distributive share so set off as to include the dwelling house, unless she prefers a different arrangement. Her share may be set off by mutual consent or by referees appointed by the court, and a sale rather than a partition

in kind may be ordered. Primarily it is for the widow to say whether she will take homestead or distributive share, and, if the latter, how she will have it set apart to her—that is to say, whether it shall be a part of each of several tracts, · or out of one or more separate tracts, and whether it shall include the dwelling house. Unless her wishes be arbitrary or opposed to section 3367, they should be respected for the reason that neither the husband, his grantees, nor his heirs can deprive her of her distributive share, or in any manner limit her rights or privileges. I think this has been held in all our cases. See *O'Ferrall v. Simplot*, 4 Iowa, 381; *Montgomery v. Horn*, 46 Iowa, 285; *Jones v. Jones*, 47 Iowa, 337; *Corriell v. Bronson*, 6 Iowa, 471. It will be noticed in each of these that the survivor's wishes were made controlling. It is clear to my mind that the widow has her right of dower or distributive share in each of the several parcels of land owned by her husband at any time during marriage to which she has made no relinquishment, and that, generally speaking, she has the right to say how it shall be set aside. If she does not take from each tract, then the statute (Code Supp., section 3279a) says in effect that the overplus taken from any other shall be ratably taken from the interests of the heirs, devisees, and legatees. In my opinion the widow had the right at her election to take her distributive share from the one hundred and fifty-nine acres, one-third in value thereof properly marked out by metes and bounds, and one-third in value of the two hundred and forty-four acres set off to her by metes and bounds, so as not to include the homestead if she so elected. The majority do not seem to entertain this opinion and this is the first point of difference between us.

The majority say, as I understand it, that she must take her share out of the two-hundred and forty-four-acre tract; that she will not be compelled to take the dwelling

house, but that nothing shall be taken from the one hundred and fifty-nine acres; and that in no event shall the grantees of the one hundred and fifty-nine acres by deed from the testator alone be made to contribute to the share of which the devisees under the tenth clause of the will are deprived by reason of the widow's taking her dower out of the two-hundred and forty-four-acre tract. In other words, the devisees under the tenth clause of the will are made to bear the entire burden of the distributive share. Here again I am constrained to register my dissent. If the widow is compelled without her consent to take her distributive share out of the two hundred and forty-four acres, it seems to me that all the other legatees, heirs, and devisees should be compelled to bear their proportion ratably out of the property received by them. This is the language of the statute as I understand it. The effect of the opinion of the majority is to make Abraham L. Rice bear almost the entire burden of the widow's distributive share. I do not think this was testator's intent, and, if it were, such a rule is contrary to the express language of the statute. I find nothing in the twelfth clause of the will which justifies the conclusion of the majority. The testator knew that he could not dispose of, or in any manner limit his widow's distributive share, and he did not attempt in any manner to do so. In fact, he recognized his wife's right to her one-third in the will itself. The conclusion of the majority is bottomed wholly upon the conveyances made by the testator to his children, Ella J. Cochran and William I. Rice, of property which he had theretofore devised them by will. These conveyances were signed by the testator alone, his wife not joining therein, and were purely voluntary. No consideration was paid therefor, and the grantees obtained nothing more than they would have received under the will. These conveyances did nothing more than satisfy or adeem the devises already made to them in the will. *Hall v. Hall*, 132 Iowa, 664.

And the grantees are not entitled to any greater rights thereunder in so far as the widow is concerned than if they had taken under the will. In neither case was the widow's distributive share in any manner affected. Moreover, while these conveyances may have been by warranty deed, nothing was paid for said deeds and no action may be maintained against the estate or the heirs on account of the warranty. *Knadler v. Sharp,* 36 Iowa, 234; *Richards v. Homestead Co.,* 44 Iowa, 304. Even if the covenants of warranty were enforceable, I do not see how they can be worked out in this proceeding for a partition. If recovery may be had thereon, it must be of damages, and for this the personal estate of the deceased is liable, and claims should be made against the estate therefor. So worked out, each and all the heirs will bear their just and equitable proportion thereof. The conclusion of the majority makes the heavy part of the contribution to be borne by A. L. Rice, who takes under the tenth paragraph of the will. This, I think, is not only inequitable; but contrary to law. I do not think these warranty deeds cut any figure in the case; but, if they do, the majority has made them do a service which the law does not warrant. See, as sustaining these conclusions, *Morey v. Morey,* 113 Iowa, 152; *McGuire v. Luckey,* 129 Iowa, 559. In my opinion the decree of the district court is wrong in the particulars above mentioned, and the majority opinion is also erroneous in the respects above set forth. I think the widow should be permitted to take her share out of both the one hundred and fifty-nine and the two-hundred and forty-four-acre tracts, and that she should not be compelled to take the dwelling house on the two hundred and forty-four acres. If this be done, there will be no need for any accounting. If, however, she should elect to take all out of the two hundred and forty-four acres, the amounts taken in disregard of the will should be appor-

tioned ratably out of the interests of all the heirs, devisees, and legatees.

I would not only reverse, but I would go to the extent indicated in this dissent.