ALLEN-WEST COMMISSION Co. v. PATRICK.

Opinion delivered March 20, 1916.

DOWER—CONVEYANCE OF PORTION OF LAND BY HEIR—WARRANTY DEED—RIGHT OF WIDOW.—Deceased, by inheritance, became entitled to a seven-twelfths interest in certain lands, and deceased's mother, as widow was entitled to dower in two-twelfths of the said seven-twelfths. This dower was never assigned. Deceased by warranty deed conveyed a five-twelfths interest to one H. *Held*, the widow would be required to take dower in the two-twelfths interest retained by deceased, and that there was no breach of warranty in the deed from deceased to H.

Appeal from Lonoke Chancery Court; *Jno. E. Martineau*, Chancellor; reversed.

*George M. Chapline* and *Moore, Smith, Moore & Trieber*, for appellant.

The decree does not do justice to the parties inasmuch as it denies to appellant its right to exoneration from the widow's dower out of the lands retained by Mary Z. Patrick when she conveyed to John R. Harshaw. Nor should appellant be required to pay any back rents to the heirs of Mary Z. Patrick, nor any part of the $600 representing the future dower interest of Mrs. M. L. Harshaw; but the heirs of Mary Z. Patrick should be required to pay the full amount of the widow's dower and take nothing from appellant for rents and profits that were properly paid to the widow up to the time the land was sold by order of court. 147 Iowa 1, 125 N. W. 826; 34 L. R. A. (N. S.) 917; 11 Ann. & E. Enc. Law, p. 181; 74 Ark. 348.

*Trimble & Williams* and *Blackwood & Newman,* for appellees.

The decree is correct and is in every way in accord with the equities of the case. Appellant is barred by laches and neglect, as well as by limitation. The cases cited by it are not in point. Appellant merely succeeds to Harshaw's rights. 11 Cyc. 1123; 8 A. & E. Enc. Law, 161. The dower interest was a lien against all the lands, and did not release any of it. When appellant's grantor took a deed to a five-twelfths interest in the whole tract, he should have established his rights before he was barred. 43 Ark. 439. He and appellant have slept upon their rights too long. 103 Ark. 191, 195; 145 U. S. 368. Appellant should be remitted to its remedy to sue upon the covenants of warranty. 24 Ark. 456.

McCULLOCH, C. J. The facts of this case, about which there is no dispute, are as follows: Daniel Harshaw and his son, L. D. Harshaw, owned, as equal tenants in common, a tract of land in Lonoke County, Arkansas, consisting of 480 acres. L. D. Harshaw died intestate prior to the year 1883 (the precise date of his death not being stated in the record of this case), leaving surviving his widow, Mrs. M. L. Harshaw, and two children, Mary Z. Patrick and Robert M. Harshaw, and the last named child subsequently died intestate and without issue, leaving as his sole heir at law his sister, the said Mary Z. Patrick. Daniel Harshaw died intestate in the year 1883, leaving surviving as his heirs at law his granddaughter, the said Mary Z. Patrick, and a son, John R. Harshaw, and four daughters. It is thus seen that Mrs. Patrick inherited an undivided one-half of the land from her father, L. D. Harshaw, subject to the dower interest of her mother, Mrs. M. L. Harshaw, and also inherited an undivided one-twelfth interest in the land from her grand-father, Daniel Harshaw, which gave her an undivided seven-twelfths. subject to the dower interest of her mother in two-twelfths. The dower interest of Mrs. M. L. Harshaw under the statutes of this State amounted to a life estate in one-third of her husband's interest,

which, when assigned, would have given her a life estate in an undivided two-twelfths. John R. Harshaw subsequently purchased an undivided five-sixths from Mrs. Patrick, and the latter conveyed to him by deed dated April 9, 1898, containing full covenants of warranty. This gave John R. Harshaw an undivided six-twelfths interest in the land, and he subsequently purchased the interests of three of his sisters and received deeds of conveyance, thus giving him title to an undivided nine-twelfths.

John R. Harshaw subsequently mortgaged his interest to appellant, Allen-West Commission Company, and the mortgage was duly foreclosed and appellant acquired title under said foreclosure by deed dated September 23, 1907. Mary Z. Patrick died intestate in the year 1901, leaving surviving her four children who are the appellees. Appellant took possession of the lands after its purchase at the foreclosure sale, and through its agents collected the rents and disbursed the same, paying to Mrs. M. L. Harshaw, the widow of L. D. Harshaw, two-twelfths thereof as her interest in the dower lands, and also paying to Mrs. E. S. Davis, the daughter of Daniel Harshaw who had not conveyed away her one-twelfth interest, an amount equal to her interest in rent of the lands, and retaining the balance of the rents of the undivided nine-twelfths.

Appellant instituted this action in the chancery court of Lonoke County for a partition of said lands, or sale thereof in the event partition could not be made, and the widow, Mrs. M. L. Harshaw, and the children of Mary Z. Patrick, and Mrs. E. S. Davis were made defendants. The dower of Mrs. Harshaw has never been assigned and it was agreed between all the parties to this suit that the value of her dower interest was the sum of $600, which should be paid to her out of the proceeds of the sale of the land in lieu of the assignment of her dower in kind. The lands were sold under decree of the court by a commissioner, and in dividing the proceeds the chancery court decided that the $600 paid to the widow,

Mrs. Harshaw, should be deducted equally from each of the one-twelfths interests which descended from L. D. Harshaw, which constituted a deduction of $500 of the amount from appellant's distributive share of the proceeds and one-twelfth from the share of the Patrick children. The court also decided that the Patrick children were entitled to one-twelfth of the rents collected by appellant during previous years and paid over to the widow, and entered a decree deducting the amount of the rents from appellant's distributive share in the proceeds of the sale. That was done over objections of appellant. An appeal has been prosecuted to this court, and the only controversy now relates to the one between appellant and the Patrick children concerning the distribution of the funds.

Mary Z. Patrick owned an undivided seven-twelfths of the land, incumbered by the unassigned dower interest of her mother, which when assigned would have been a life estate in an undivided two-twelfths. Mrs. Patrick conveyed an undivided five-twelfths to John R. Harshaw and executed a deed with full covenants of warranty. The dower interest of the widow constituted an incumbrance on the title. *Hewitt* v. *Cox,* 55 Ark. 225; *Seldon* v. *Dudley E. Jones Co.,* 74 Ark. 348; *Vaughan* v. *Butterfield,* 85 Ark. 289. If the dower interest operated as an incumbrance upon the interest conveyed to John R. Harshaw, an eviction thereunder would have constituted a breach of the warranty; but we are of the opinion that it did not constitute an incumbrance upon the part so conveyed for the reason that sufficient interest remained in the grantor to satisfy the dower incumbrance. In other words, the dower is held to be an incumbrance on the remaining interest for the reason that the owner of the title under the conveyance to John R. Harshaw has the right to require the dower interest to be taken out of the interest reserved. This results from the plain principles of equity that "the court will, as between the parties to the equities, treat the subject-matter as if the equity had been worked out and as impressed with the

character which it would then have borne.'' 11 Am. &
Eng. Ency. of Law, 181. To state it in another form,
Mrs. Patrick in conveying with covenants of warranty
five-twelfths interest, and reserving two-twelfths, is pre-
sumed to have intended to convey free from the dower
and to leave the dower incumbrance fastened upon the
interest which she continued to hold. This is the equit-
able view which Mrs Patrick and her privies can be re-
quired to observe.

The case of *Rice* v. *Rice*, 147 Ia. 1, 34 L. R. A. (N. S.)
917, which is cited on the brief of appellant, is directly
in point. There the grantor conveyed certain lands by
warranty deed free from all liens and incumbrances.
After his death a controversy arose between the grantees
under the deeds and the devisees under the will of the
grantor as to how the dower should be assigned, whether
the grantees under the deed should take their lands free
of dower or whether the dower should be assigned in each
tract. The court held that the grantees took free of dower
and that they had a right to compel the widow to take her
dower out of the other lands. In disposing of the mat-
ter the court said: ''We see no way, however, to avoid
giving effect to these conveyances strictly in accord with
their terms. They were warranty deeds with full coven-
ants. So far as the estate itself and the beneficiaries of
the will are concerned, these deeds carried to the gran-
tees the full and complete title to the tracts therein de-
scribed. Only the widow can ignore them. And she is
in no position to do so if her 'one-third in value' can be
set apart without prejudice to her in the remaining real
estate owned by the decedent at the time of his death.
The devisees of the will can stand in no better position
than the testator himself occupied after making such con-
veyances. If the warranty deeds were complete and
binding as to him, they are clearly so as to his devisees.
It, is argued that the remedy of the grantees would be
an action for damages for breach of covenants, and that
they could recover therein only nominal damages, be-
cause the deeds were executed as a gift of the land. But

the grantees are not bound to resort to an action for damages. We see no ground for holding that they may not maintain their possession and ownership under their deeds and in accordance with the terms thereof, subject only to the contingency that the widow might resort to the conveyed lands if necessary to the protection of her rights.''

The only distinction sought to be made between the case just cited and the present one is that in the former the widow's dower right was inchoate at the time of the execution of the conveyance, and in the present case the widow's right was consummated by the death of the husband, lacking only an assignment to perfect her right in particular portions of the lands. The distinction is not, we think, a controlling one, and we are of the opinion that the principle announced in the Iowa case, *supra*, is correct and is applicable here. This disposes of both of the objectionable features of the decree in deducting the widow's dower interest from appellant's share and also decreeing payment by appellant of rent for previous years to appellees. The whole of the dower interest should have been deducted from the two shares of appellees, the Patrick children, and inasmuch as it is shown that appellant had paid the rents over on those two interests to the widow, appellant is not liable to the Patrick children for it.

It is insisted that the only remedy of appellant was an action for the breach of warranty, and that the statute of limitations began to run from the date of the execution of the deed. What we have said disposes of that contention, for, as before stated, there was no breach of the warranty as long as there were other lands on which the dower interest could take effect.

It is also contended that appellant was barred by laches in not asserting at an earlier date its claim for reimbursement for the dower. There is no laches in failing to assert a right which did not exist until the lands were sold. Appellant has been in possession of the lands, paying over to the widow her part of the rents,

and in no view of the case can it be said that appellant has slept upon its rights.

The decree is therefore reversed and the cause remanded with directions to enter a decree distributing the proceeds of sale in accordance with this opinion.