Donald **WESTERGARD** et al., Appellants,

v.

Emil **KLEPPER** et al., Appellees.

No. 2–56788.

Supreme Court of Iowa.

May 21, 1975.

Prichard, Hanson, Doran & Bormann, Emmetsburg, for appellants.

Fitzgibbons Brothers, Estherville, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP, and McCORMICK, JJ.

UHLENHOPP, Justice.

This case involves a widow's distributive share in lots leased to others by her husband without her concurrence.

During his lifetime, John Westergard accumulated a substantial amount of real property, including a farm surrounding Lost Island Lake in Palo Alto County, Iowa. While married to Venita Westergard, he leased 17 lakeside lots to various individuals. Defendants are the present lessees. The leases are in writing, run for varying numbers of years, call for differing, nominal rents, and, in some instances, give the lessees the right to remove improvements made by them or give the lessees' improvements the status of personalty. Mrs. Westergard did not sign any of the leases. Some leases were entered into before, and some after, January 1, 1964. The values of the respective lots without the leases materially exceed the values of the lots subject to the leases.

Mr. Westergard died intestate on March 27, 1971, survived by Mrs. Westergard and their 11 children. Mr. Westergard had sufficient other real property so that all claims and charges can be paid and Mrs. Westergard can be provided with one-third in value of all the real property, including the leased lots, without resorting to such lots. The district court, sitting in probate, granted administration and appointed administrators of the estate.

The administrators, Mrs. Westergard, and the 11 children brought suits in equity against the lessees of the lots for judgments declaring, inter alia, that Mrs. Westergard is entitled (1) to have the lakeside lots appraised unencumbered by the leases and (2) to select all or some of the leased lots, free of the leases, in making up all or part of her one-third share. The trial court consolidated the cases for trial. They are all here as one case, on appeal by the administrators, the widow, and the children.

The trial court held that the widow is entitled to have all the lots appraised unencumbered by the leases, and the lessees agree. The trial court also held, and the lessees agree, that Mrs. Westergard may select from among the lots in making up her one-third in value of the decedent's real property. But the trial court held, and the lessees contend, that if the widow does select from among the lots, she must take them subject to the leases. This is the principal problem in the appeal.

On January 1, 1964, the Iowa Probate Code took effect. Code 1975, § 633.2. Subsection 2 of § 633.2 provides:

No act done in any proceeding commenced before this Code takes effect and no accrued or vested right shall be impaired by its provisions. When a right has been acquired, extinguished, or barred upon the expiration of a prescribed period of time governed by the provision of any statute in force before this Code takes effect, such provision shall remain in force and be deemed a

part of this Code with respect to such right.

Since some of the leases involved here pre-date and some post-date January 1, 1964, we consider the relevant statutes both before and after that date.

■ The present statute granting a share to a surviving spouse when an intestate decedent leaves issue is § 633.211(1) of the Iowa Probate Code:

> If the decedent dies intestate leaving a surviving spouse and leaving issue, the surviving spouse shall receive the following share: . . .
>
> One-third in value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the surviving spouse has made no relinquishment of his right.

Section 636.5 of the Code of 1962 was the same in all material respects. The deletion of "in fee simple" in the Iowa Probate Code does not appear significant in this case. Evidently the legislature desired to make certain that the one-third in value of "all estates in real property" would include a decedent's estates less than fee simple.

■ Under the old or the new statute, the widow's share may be assigned in one or more tracts rather than in all tracts, since it is one-third "in value" of all estates rather than one-third of each tract. Thus if the husband leaves three tracts of equal value, the widow may be assigned the whole of one of them, rather than one-third of each of them as at common law. In re Estate of Caylor, 208 Iowa 1208, 227 N.W. 103; Jones v. Jones, 47 Iowa 337; Corriell v. Bronson, 6 Iowa 470a; Note, 24 Iowa L.Rev. 714, 717.

The basic problem before us relates to the effect of real estate leases granted by a husband alone upon his widow's one-third share. (We speak of a "widow" but the same principles apply to a widower. Code 1975, § 633.3(31).) The problem has two aspects: *appraisal* of the real property, and *assignment* of the widow's one-third share.

I. *Appraisal.* Since the share is a third in value, the value of each and all of the parcels must be known in order to ascertain the amount of the widow's one-third in value of the whole and in order to assign her sufficient property to make up that amount. Code 1962, § 636.33, and Corriell v. Bronson, 6 Iowa 470a (law prior to January 1, 1964); Code 1975, § 633.213 (law since January 1, 1964).

■ The question is, if the husband conveyed or leased real property during the marriage without his wife's concurrence, is that transferred or leased real property to be appraised following his death as though he had not conveyed or leased it? The answer must be yes under both the former statute and the present one. The statute provides that the widow is entitled to one-third in value "of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage," not sold on judicial sale or relinquished by her. Code 1962, § 636.5; Code 1975, § 633.-211(1) (italics added). If the parcel conveyed by the husband were not appraised, the widow would not receive her one-third in value of "all" estates of the husband possessed by him "at any time during the marriage". Likewise, if a leased parcel were appraised subject to the lease and the lease reduced the value of the parcel, as the leases do here, the widow again would not receive her full third in value of all estates possessed by the husband during the marriage.

Appraisal free of deeds and leases is merely an application of the general principle which comes down to us from the common law that a deed or a lease by the husband during coverture without the wife's concurrence is a nullity as to her. Sheppard, The Touch-Stone of Common Assurances, p. 275 (5th ed.) ("So if tenant in fee simple take a wife, and then make a lease for years and dieth, the wife is en-

dowed; in this case she shall avoid the lease, but after her decease the lease shall be in force again" [common-law dower was life estate]); 1 Coke, Commentary Upon Littleton, § 58 at 46a (19th ed.) (same rule); In re Kemeys-Tynte, [1892] 2 Ch.Div. 211; Stoughton v. Leigh, 1 Taunt. 402, 410, 11 Rev.Rep. 810, 817 (holds dower "could not be in any respect affected by leases made by the husband during the coverture"); 1 Scribner, Dower, pp. 603–604 (2d ed.); 2 Tiffany, Real Property, § 507 at 377 (3d ed.) ("If a lease for years is made by a man before his marriage, his widow, though entitled to dower in the reversion, and in the rent incident thereto, cannot assert her dower right as against the tenant under the lease, so as to affect his possession. If, on the other hand, the husband, after marriage, makes a lease without the wife's joinder, her dower claim is entitled to priority over the rights of the lessee."). As stated in Bates v. State Savings Bank, 136 Kan. 767, 777, 18 P.2d 143, 148:

> So far as a lessee for years under a lease granted by one spouse alone is concerned, the lessee takes at his own risk. He is not an innocent purchaser, because the law in effect writes into his lease the condition proposed above. He cannot found rights on failure or neglect to obtain joint consent, and, if he cannot assure himself, he must take the business hazard, or seek a lease elsewhere.

As to the superiority of the widow's share generally, over the husband's acts alone, see Warner v. Trustees of Norwegian Cemetery Ass'n, 139 Iowa 115, 123, 117 N.W. 39, 42 ("The dower right, given by statute to a wife in the property of her husband, though inchoate pending the life of the husband, is in the nature of a property right, and she cannot be divested of it by any act of her husband, whether done in good faith, or in fraud"); Fay v. Smiley, 201 Iowa 1290, 207 N.W. 369; 25 Am.Jur.2d Dower & Curtesy § 18 at 94, 95 ("It may be generally stated that her dower cannot be defeated or impaired by any act of the husband or by any title emanating from him. . . . The

wife's right not only prevails over any conveyance made by the husband in the execution of which she does not share, but also remains unaffected by any lien or other claim based on a contract made by him."); 28 C.J.S. Dower § 34 at 97 ("it is paramount to any liens or encumbrances subsequently placed on the land by the act of the husband alone").

▪ The lots involved here are thus to be individually appraised unencumbered by the leases, and Mr. Westergard's other tracts are also to be individually appraised. Each lot is to be appraised improved as it was as of the time of Mr. Westergard's death except for such improvements as were not, under the law of fixtures, a part of the real estate by virtue of the facts, including the lease terms, pertaining to that particular lot. See 35 Am.Jur.2d Fixtures § 22 at 718, §§ 35–49 at 727–739; 36A C.J.S. Fixtures § 15 at 628–638, §§ 33–42 at 680–702.

▪ II. *Assignment.* After appraisal of the lots and Mr. Westergard's other parcels of real property comes the assignment of the widow's one-third share. The principle laid down by the cited authorities which renders the leases a nullity as to the widow renders the leases a nullity in the assignment as well as in the appraisal. It would be strange indeed if a lot, worth $6000 free of the lease but worth $600 subject to the lease, was appraised free of the lease but was assigned to the widow subject to the lease. Were such the rule, a grantee or a lessee of the husband alone would in fact prevail over the widow after the husband's death, contrary to the statute that gives the widow her right as to *all* estates in real property possessed by the husband at any time during the marriage, not sold on judicial sale or relinquished by the wife. As stated by the Kansas Supreme Court under a statute very similar to our own, in Bates v. State Savings Bank, 136 Kan. 767, 773, 18 P.2d 143, 146:

> Land leased for years descends, subject to the lease, to heirs who are bound as the

ancestor was bound. But the widow may avoid the lease so far as it relates to the specific tract set off to her.

At this point, however, a qualification of the principle just stated comes into play as to the lots leased before January 1, 1964, by virtue of the rule in Rice v. Rice, 147 Iowa 1, 125 N.W. 826. The statute in effect prior to January 1, 1964, provided that in the absence of agreement by the parties, dower was assigned by referees, subject to approval of the probate court. Code 1962, §§ 636.9–636.16. Applying those sections, this court held in Rice that the grantee under a conveyance of the husband alone could require the widow's one-third share to be assigned in unconveyed property of the decedent if equity so required and this could be done "without in any way diminishing the estate of the widow . . . ." 147 Iowa at 5, 125 N.W. at 827. Thus a grantee (or lessee) under a deed or lease made prior to January 1, 1964, had what we think must be considered a valuable substantive right: under proper circumstances, the probate court might require that the widow's share be assigned in property other than that which was conveyed or leased by the husband.

■ A different situation prevails, however, as to the lots leased on or after January 1, 1964. The Iowa Probate Code adopted for assignment of the widow's share the rule which applied under the prior statute when a decedent left a surviving spouse but no issue. Under § 636.38 of the 1962 Code, such a surviving spouse had the right, among others, to select sufficient of the decedent's property to make up $15,000 in value. This procedure was adopted in § 633.218 of the Iowa Probate Code. The committee comment to § 633.218 is, "Adapted from Section 636.38 (1962 Code)." Section 633.218 provides:

After such [appraisal] proceedings, and after payment of debts and charges, the surviving spouse *shall have the right to select* from the property so appraised, at its appraised value thus fixed, property equal in value to the amount to which she is entitled under section 633.211 or 633.212 which selection shall be in writing filed with the clerk of court. (Italics added.)

We hold, therefore, that as to lots leased before January 1, 1964, §§ 636.9 to 636.16 of the 1962 Code apply, as interpreted in the Rice decision. As to the rest of the lots and Mr. Westergard's other real property, § 633.218 of the Iowa Probate Code applies and Mrs. Westergard has the right to make her own selection.

In the assignment of her share, Mrs. Westergard thus has two alternatives: (a) If in making up her share she desires any of the lots leased prior to January 1, 1964, she must as to those lots pursue the course for assignment provided in the 1962 Code sections. The referees and probate court will be restricted to those lots in making an assignment. Subject to probate-court approval, the referees may assign all, some, or none of those lots to Mrs. Westergard's share, as equity dictates. At this juncture, of course, we intimate no opinion as to what equity dictates. If Mrs. Westergard does not thus obtain her full one-third share, she may pursue the course for assignment provided in the Iowa Probate Code sections as to the other leased lots and as to Mr. Westergard's other real property. (b) If in making up her share Mrs. Westergard does not desire any of the lots leased prior to January 1, 1964, she may pursue the course for assignment provided in the Iowa Probate Code sections as to the other leased lots and as to Mr. Westergard's other real property. Under either (a) or (b), improvements which are a part of the real property as to a particular leased lot, under the law relating to fixtures and the facts and lease terms relating to that lot, will pass to Mrs. Westergard if the lot is assigned to her or will pass in reversion to Mr. Westergard's heirs if the lot is not assigned to her. Likewise, improvements which are not so a part of the real property as to a particular lot are the property of the lessee.

The record discloses that questions exist as to the exact descriptions and locations of some lots. Further evidence in the trial court will be necessary to resolve those questions. If any lease has expired at the time of the assignment of Mrs. Westergard's one-third share, such lot will of course be considered the same as Mr. Westergard's other unleased real property.

Reversed and remanded.